WITHINGTON v. YOUNG.

1. In an action of trespass, founded on the statute "for the prevention of certain trespasses" (R. Co. of '25, p. 781-2,) and after verdict found of "guilty," the court properly enters up a judgment for the penalty of five dollars, and double damages.

2. A count founded on the statute may be joined with a general count in trespass.

3. Where the admission of evidence is objected to, such objection, together with the testimony must be saved in the bill of exceptions and signed by the judge.

*Mullanphy*, attorney for plaintiff in error:

1st. That the statutory trespasses and common law trespasses, cannot be joined—the judgment being entirely different.

2nd. That the statutory judgment of fine and double damages is erroneous in this case, as neither count of the two is on the statute.

3rd. That if one of the counts is on the statute, it is double, that is, comprehends several offences, as in one count.

4th. That the admission of evidence to the state of feeling of the parties prior to the trespass, was not authorized by law.

5th. The plaintiff in error is found not guilty on one count, and still all costs are given against him.

Statement of the case made, and opinion delivered by McGIRK, Judge.

Sarah Young, in 1834, brought an action of trespass, founded on a statute of the State, passed 22d Dec., 1824, entitled an act for the prevention of certain trespasses. The first count states, that theretofore, the plaintiff was possessed of a certain close, as of fee; and that on the same land she had fences and enclosures, and that Withington broke and voluntarily entered the same, and threw down the fences, and left the same down; and that beasts entered and destroyed her grain, grass, &c. against the form of the statute.

A second count in trespass, for breaking and entering the plaintiff's close, spoiling grass, &c., was contained in the declaration. The defendant pleaded not guilty to the whole declaration. The defendant also to the first count, pleaded that the land, &c. on which the fences stood was his own land, &c., and then puts in a third plea to the same effect. His fourth plea asserts in him a freehold to the land, in the declaration mentioned.

The fourth plea was adjudged bad on demurrer. Re-

plications were put in to these pleas, and issues thereon joined. Several other proceedings were had. The cause was tried by a jury, and the plaintiff had a verdict on the first count, and on the first plea, and the jury assessed the plaintiff's damage to $13. The jury found against the defendant as to the pleas of *liberum tenementum*, and for the defendant on the second count.

The defendant moved the court for a new trial. 1st. Because the verdict is against law. 2nd. The verdict is against evidence. 3rd. The court permitted incompetent evidence to go to the jury. 4th. Because the court overruled the objection of the defendant to testimony as to the state of feeling between the parties, at and before the trial. 5th. Because the jury did not find on all the issues submitted to them. 6th. Because the jury did not find the issue of *liberum tenementum*—which motion was overruled.

The defendant moved in arrest of judgment, for the following reasons: 1st. Because the declaration contains counts that cannot be joined. 2nd. Because the jury did not find all the issues. 3rd. Because there was no finding on the issues of *liberum tenementum*. 4th. Because the counts are not such, each of them, as issues can be joined to or judgment rendered thereon. This motion was also overruled.

The court then gave judgment for five dollars, as a penalty under the statute, and also doubled the damages.—The errors assigned are, that the court refused to grant a new trial. 2nd. That the court erred in refusing to arrest the judgment. 3rd. The court erred in admitting improper testimony. 4th. It is objected also, that the judgment for five dollars as a penalty, is erroneous. 5th. That the court struck out the fifth plea of defendant.—6th. That the court permitted certain amendments on the part of the plaintiff.

As to the amendments permitted, I have been unable to discover any error in that proceeding. The court has power by law, to permit amendments under terms for the furtherance of justice. All these seem to have been made for that purpose. The court ordered the fifth plea to be stricken out. Why this was done, I do not perceive very clearly; but I cannot say it did the defendant below any injury, as he had yet remaining another plea in form and substance the same. The court ordered a certain entry to be expunged, as entered by mistake. This the court had a right to do, if in truth the entry was made by mistake.

·I will now proceed to consider the errors regarding the other matters in the record.

It may be necessary to look for a moment at the statute, with a view to see what the offence is, of which the defendant in the court below stands convicted. It is found in the Revised Code of 1825, p. 781–2. By the first section of which act, it is enacted: That if any person shall voluntarily throw down any fences, &c., and leave the same down, other than those which lead to his own enclosure, the person so offending, shall pay to the party injured the sum of five dollars; and also double damages, together with costs. Sec. 2nd—provides that all penalties contained in the first section of this act shall be recoverable, with costs of suit by action of debt, founded on this statute, before a justice of the peace, if the demand does not exceed $50. And in all cases where the sum demanded shall exceed $20, the plaintiff may bring an action of trespass in any court of record, having jurisdiction of the same. On this point, it appears to me that the action of trespass as to the first count is rightly predicated on the statute. The first section says, the party offending, shall pay to the party injured $5 00, and also double damages. The second section, provides the remedy where the case is brought before a justice of the peace; which remedy is debt—but if the demand is over twenty dollars, the action may be trespass. This being a statutory offence and a statutory remedy, it seems to me that when the defendant is found guilty, the court may very well give judgment for the penalty of five dollars.

As to the objection that the count in trespass founded on the statute, and a count in trespass generally cannot be joined, there is no foundation. The rule has been correctly cited by Mr. Mullanphy, for the plaintiff in error; which rule is, that where the same plea will answer for both counts, they may be joined, otherwise they cannot. In this case, the plea of not guilty is applicable to both counts. I therefore, see no error on this point.

This disposes of the first and fourth objections in arrest of judgment. The second and third objections are in substance the same; which is, that the issues were not all found by the jury, and particularly the issue on the plea *liberum tenementum.* I have examined the record, and find that the jury have expressly found that the *locus in quo* was the property of the plaintiff in the court below. Nor have I been able to find on the record that the jury have failed to find any issue, which it was their duty to find.

JUNE TERM 1837.

Withington v. Young.

In an action of trespass, founded on the statute "for the prevention of certain trespasses," R. Co. of '25, p. 781-2, and after verdict found of 'guilty,' the court properly enters up a judgment for the penalty of five dollars, and double damages.

A count founded on the statute may be joined with a general court in trespass.

Where the admission of evidence is objected to, such objection, together with the testimony, must be saved in the bill of exceptions, and signed by the Judge.

As to the reasons for a new trial, I do not see any thing in them. I will not in a case like the present, undertake to detail the evidence to make the most of the case for the defendant in the court below. It is not a case where the evidence greatly preponderates in his favor. I am of opinion there was no error committed on this point. It is also alleged as a reason for a new trial, that the court erred in admitting evidence on the part of the plaintiff in the court below, to show the state of feeling existing between the parties when the trespasses were committed. It is stated in the transcript before us, that the court did do so. It is also stated, that the defendant excepted to the opinion admitting the evidence. But the party failed to secure the matter by obtaining the Judge's signature; without which, this court has never regarded an exception as of any validity.

This view of the case, in substance, disposes of all the objections to the judgment.

Judge Tompkins concurring in the opinion, that the judgment ought to be affirmed—the same is affirmed, with costs.

TOMPKINS, Judge. I concur in opinion.