# CHARLESTOWN.

## LITTLE KANAWHA NAVIGATION COMPANY *v.* GEORGE RICE.

### October 31, 1876.

*1876. August Term.*

1. The defendant, in a special plea in an action against him individually, to recover his subscription, attempts to set off damages alleged to have been sustained by a company of which he was President, for non-completion of certain work by the plaintiff.— HELD :

That said damages could not be set off against the plaintiff in this action.

2. A plea that attempts to set off such damages in such action, and also attempts to set up another matter in the nature of accord and satisfaction, is double, and should be rejected.

3. Parol evidence is inadmissible to vary a written contract, (as the subscription paper in this case,) by adding thereto conditions. Or, if such evidence could be regarded as representations made by the president of the plaintiff, of what his company would do, it was equally inadmissible, under the circumstances of this case, as it is presented by the record.

*Supersedeas* to a judgment of the circuit court of Wood county, rendered on the twentieth day of July, 1875, in an action of assumpsit therein then pending, in which the Little Kanawha Navigation Company was plaintiff, and George Rice was defendant.

The facts appear in the opinion of the court.

Hon. James M. Jackson, Judge of said circuit court, presided at the hearing below.

*Scott* and *Cole* for said Rice, plaintiff in error.

*John A. Hutchinson,* for said company, defendant in error.

MOORE, JUDGE:

This case is presented upon a *supersedeas* to the judgment of the circuit court of Wood county, rendered on the twentieth day of July, 1875, in an action of assumpsit, in which The Little Kanawha Navigation Company was plaintiff, and George Rice was defendant. The action is based upon a subscription by the defendant to twenty shares of the capital stock of The Little Kanawha Navigation Company, valued at twenty-five dollars per share, amounting to the sum of five hundred dollars. To the declaration, the defendant plead *non-assumpsit, payment,* and filed specifications of payment and sets-off, and also tendered four special pleas in writing, to the filing of which special pleas the plaintiff excepted, and moved the court to reject them. Thereupon the defendant withdrew the fourth special plea; and the matters of law arising upon the said exceptions to the remaining special pleas being considered by the court, the exceptions to the first were overruled, and the plea was allowed to be filed; but the court sustained the exceptions to, and rejected the second and third, to which ruling of the court, the defendant excepted. The plaintiff joined issue on the pleas non-assumpsit, payment, and the special plea allowed to be filed. And at another day, the defendant tendered a special plea in writing, as follows:

"And for further plea in this behalf, as to the sum of $200, parcel of the said several sums in the declaration mentioned, the said defendant says that the plaintiff ought not to have or maintain his aforesaid action thereof against him, because, he says, that after the making of the said promises and undertakings in the said declaration mentioned, and before the bringing of this suit, to-

wit, on the third day of September, 1874, at the county of Wood, this defendant delivered to the said plaintiff a promissory note, dated on the third day of September, 1874, made by the Pit Hole Creek Petroleum Company, whereby said company promised to pay to said plaintiff, ninety days after the date thereof, $200, (being the balance in full of said subscription) for, and on account of, said subscription which was waived by said plaintiff in satisfaction of the debt sued on; and by reason thereof, the said Pit Hole Petroleum Company, became, and was, and still is, liable to pay to said plaintiff, the said sum in said promissory note specified; and this the defendant is ready to verify," &c.; to the filing of which said plea the plaintiff objected, but the court overruled the objection, and permitted the plea to be filed, and the plaintiff replied generally thereto.

Upon the trial of the cause, the defendant, to maintain the issue on his part, as appears from bill of exceptions, offered to give evidence to the jury, that at the time of making the subscription sued on, he was an oil producer at Burning Springs, on the Little Kanawha river, in Wirt county, and was also the superintendent of the Pit Hole Creek Petroleum Company, a company then largely engaged in producing petroleum oil at Burning Springs aforesaid, and that said defendant, and said company of which he was superintendent aforesaid, would be greatly benefited by the completion in the fall of 1872, of the three upper dams which said plaintiff was to build in the Little Kanawha river. The defendant then offered to prove that it was previous to the said subscription, solicited by the president of the plaintiff to subscribe to the capital stock of the plaintiff, that he did subscribe the twenty shares aforesaid, with the express agreement and understanding with said President, and promise on his part, that the three said upper dams should be completed in the fall of 1872, which completing of said three dams was the consideration for making the subscription aforesaid, in addition to any other consideration,

1876.
August Term.

L. K. N. Co.
v.
Rice.

either expressed or implied in the terms of said subscription ; that said three upper dams were not completed in the fall of 1872, and, in fact, were not completed till September, 1874. To the introduction of which evidence, the plaintiff objected, and the objection being referred to the court, was, by the court, sustained ; to which ruling sustaining said objection, the defendant excepted.

The jury found for the plaintiff, and assessed its damages at two hundred dollars, with interest from the sixth day of November, 1874, and the court gave judgment accordingly.

Such seems to be the history of the case as presented by the record.

The appellant urges that the court erred, in rejecting the evidence offered by the defendant, as set forth above. That the evidence was proper to go to the jury upon the issue joined upon the first special plea ; and erred also in rejecting the second and third special pleas, because, as the pleas alleged, "a failure of consideration for which the defendant entered into the contract sued on,". they were "proper to be filed under section five, chapter one hundred and twenty-six of the Code."

The subscription paper is not presented by the record, but as the declaration describes the written contract of subscription, and as that description is not negated, it must be taken as correct.

The appellant urges that the court erred in rejecting the second and third special pleas. The second plea set up, as a defense, that at the time the defendant subscribed to the stock, the plaintiff agreed with the defendant, as an inducement for the subscription, that the plaintiff would complete a certain portion of the work in a named time, and that his failure so to do caused great loss and injury to the Pit Hole Creek Petroleum Company, of which defendant was president, and which damages the plea seeks to set off against the plaintiff's demand. It is clear that the damages sustained by the Pit Hole Pe-

troleum Company could not have been recovered in any action brought by the defendant personally, although he were president of the Company, and therefore these damages cannot be set off against the plaintiff in this action, and the plea is properly rejected.

As to the third special plea, is was properly rejected, because it was double; one part of it attempts to set up the same defense as was set up in the second plea, and the other part is in the nature of accord and satisfaction, but to have constituted the plea good as accord and satisfaction, it should have alleged that the note for the residue of the subscription was accepted in satisfaction and discharge of such residue, and that it was paid at maturity.

These necessary allegations not being in the plea, it was properly rejected, as being defective both in form and substance.

The court properly rejected the evidence as above set forth. This evidence was apparently offered to prove that the subscription was made upon a condition, not set forth on the face of the subscription paper, signed by him.

Parol evidence is inadmissible to vary a written contract by adding thereto conditions; or if this evidence could be regarded as representations made by the president of the plaintiff of what his company would do, it was equally inadmissible.

The evidence was therefore properly rejected.

The judgment of the circuit court must therefore be affirmed with costs and damages according to law.

The other Judges concurred.

JUDGMENT AFFIRMED.