𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## SOMERVILLE *v.* GRIM.

Decided May 7, 1881.

1. Debt on a single bill and on a *mutuatus* or other simple parol contract, may be joined in the same action.

2. Where an action of debt is based upon a single bill and simple contracts for money lent, money received, or money paid, and the aggregate of all the counts is demanded, the usual conclusion need not be added to each count, and if the general conclusion of the declaration is in the proper form and good, it will be considered as applying to each count, as well as to all collectively.

3. In declaring on the common counts in debt for money lent, paid and received, the usual conclusion in each count "by reason whereof, &c., and action hath accrued, &c." is unnecessary ; the usual breach at the end will suffice.

4. The action of debt lies to recover money lent, paid, had and received.

5. Where a declaration in debt contains a count on a single bill joined with counts in debt for money lent, paid and received, and the breach in the count on the single bill is alleged to have been defective, if such defect exist, and the breach at the end of the declaration is good and sufficient, it will be considered that the defect, if any, in the breach to the count on the single bill is cured by the breach at the end of the declaration.

1881
Spring
Special Term.

Somerville
v.
Grim.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Mason, rendered on the 20th day of April, 1878, in an action in said court then pending, wherein John Somerville was plaintiff, and Simon Grim was defendant, allowed upon the petition of said Grim.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*John W. English* for plaintiff in error cited the following authorities:

1 Chitty Plead. 199, 200, 201 and notes; 1 Rob. Forms 502, 554.

*Henry J. Fisher, Jr.* and *Charles E. Hogg* for defendin error :

" Debt on bond, or other speciality may be joined in the same action with debt on judgment, or on simple contract, or for an amercement." 1 Chit. Pl. 200; 13 Johns. 462–3; 1 Wilson 252; 2 Saunders 117, b. and c., note 2; 5 Leigh 109.

A declaration in debt, if upon a simple contract, should show the consideration upon which the contract was founded, precisely as in *assumpsit;* and it should state either a legal liability or an express agreement. 1 Chit. Pl. (8th Am. ed.) 361; *Id.* (15th Am. ed.) 361.

The only difference, as to form, between a common count in *assumpsit,* and a count in debt on simple contract is, that in the former a promise must be averred, and in the latter omitted. 1 Chit. Pl. (8th Am. ed.) 361; *Id.* (15th Am. ed.) 361.

By reference to pages 9 and 10 of the printed record in this action, it is apparent that the *"promise"* in these counts in debt on simple contract has been omitted as required by the rules of pleading. *Supra.*

The breach laid in the declaration refers to the aggregate amount of all the sums in the various counts mentioned. 1 Chit. Pl. (8th Am. ed.) 374, note (c.); *Id.* (15th Am.e d.) 373, note (c.)

And hence, as the failure to pay, as to the personal representative of the deceased co-obligor, is rightly al-

leged in the general breach, this allegation goes to and reaches each and every count in the declaration, therefore the breach is properly laid.

A declaration in debt upon a specialty and simple contract is not bad on demurrer because to each count there is not a breach, when a general breach is at the end of the declaration.

After counts on simple contract if the general breach be at the conclusion of the declaration, it is sufficient. 1 Chit. Pl. (4th Am. ed.) 346.

HAYMOND, JUDGE, announced the opinion of the Court:

This is an action of debt brought by the plaintiff against the defendant on the 25th day of August, 1877, in the circuit court of Mason county. The amount of the debt claimed in the suit is $1.200.00 and damages $100.00. The declaration in the forepart demands from the defendant $1.200. The first count alleges that "on the 3d day of June in the year, 1876, at the county of Mason aforesaid the said defendant together with one Edmond Roush, since deceased, by their certain writing obligatory commonly called a single bill, sealed with their seals and now to the court here shown, the date whereof is the day and the year last aforesaid, joined and bound themselves, jointly and severally, to pay to the said John Somerville, the plaintiff, or order the sum of three hundred dollars, one year after the date thereof, at six per cent per annum. And the said plaintiff in fact saith, that the said defendant, nor his deceased co-obligor, in his lifetime, has not nor have they, nor has either of them paid to the said plaintiff on or before the 3d day of June, in the year 1867, nor since that time, the said sum of three hundred dollars in said single bill specified according to the terms and effect of the said single bill, or any part thereof, the same being part and parcel of the sum above demanded". The remaining counts and conclusion to the declaration are as follows:

"And also for this, on the day and year last aforesaid, at the county of Mason aforesaid, the said defendant together with one Edmond Roush, since deceased, then and there became indebted to the said plaintiff in the further sum of three hundred (300) dollars, for money by the said John Somerville before that time lent and advanced to the said Simon Grim, together with one Edmond Roush, since deceased, at their special instance and request, and to be paid by the said Simon Grim and said Edmond Roush, since deceased, to the said plaintiff when they, the said defendant and said Edmond Roush, since deceased, should be thereunto afterwards requested, whereby and by reason of the said last mentioned sum of money being and remaining wholly unpaid, an action hath accrued to the said John Somerville to demand and have of and from the said Simon Grim the said sum of three hundred (300) dollars, part and parcel of the said sum of twelve hundred (1,200) dollars above demanded.

"And also for this, to wit, on the day and year last aforesaid, at the county of Mason aforesaid, the said defendant, together with one Edmond Roush, since deceased, then and there became indebted to the said plaintiff in the further sum of three hundred (300) dollars for money by the said John Somerville before that time paid, laid out and expended to and for the use of the said Simon Grim, together with the said Edmond Roush, since deceased, at their like special instance and request, and to be paid by the said defendant and said Edmond Roush, since deceased, to the said John Somerville, the plaintiff, when they, the said defendant and said Edmond Roush, since deceased, should be thereunto afterwards requested, whereby and by reason of the last mentioned sum of money, being and remaining wholly unpaid, an action hath accrued to the said John Somerville to demand and have of and from the said Simon Grim the said sum of three hundred (300) dollars, parcel of the said sum of twelve hundred (1,200) dollars above demanded.

1881
Spring
Special Term.

Somerville
v.
Grim.

" And also for this, to wit, on the day and year last aforesaid, at the county of Mason aforesaid, the said defendant, together with one Edmond Roush, since deceased, then and there became indebted to the said plaintiff in the further sum of three hundred (300.) dollars for money by the said Simon Grim and said Edmond Roush, since deceased, before that time had and received to and for the use of the said John Somerville, and to be paid by the said Simon Grim and said Edmond Roush, since deceased, to the said John Somerville when they, the said defendant and the said Edmond Roush, since deceased, should be thereunto afterwards requested, whereby, and by reason of the said last mentioned sum of money being and remaining wholly unpaid, an action hath accrued to the said plaintiff to demand and have of and from the said Simon Grim, the said defendant, the said sum of three hundred (300.) dollars, the residue of the said sum of twelve hundred (1,200.) dollars above demanded. Nevertheless, neither the said Simon Grim nor his joint obligor during his lifetime, nor his personal representatives since his decease, has as yet paid the said plaintiff the said several sums of money above demanded, or any part thereof, but the same, or any part thereof, to pay to the said plaintiff, he, the said Edmond Roush, in his lifetime, and his personal representative since his decease, and also the defendant, have hitherto wholly refused and neglected, and still do refuse and neglect, to the damage of the plaintiff one hundred (100.) dollars; and therefore he sues."

It appears, that the defendant demurred to the declaration and to each count thereof, and that the court overruled the demurrer. I will at this place consider, whether the court erred in its action in respect to the demurrer.

The breach as laid in the first count of the declaration does not seem to be stated in accordance with the form in a case of an action of debt against the surviving obligor in Robinson's Forms at page 413. In this form the

breach as laid is : " Nevertheless the said C. D., although often requested so to do, hath not, nor hath any other person, as yet paid to the said plaintiff," &c. Before our statute if one obligor in a *joint bond* was dead and the other living, the action could only be against him who survived. It was gone forever as to the representatives of the deceased obligor. His estate was entirely exonerated from the payment of the debt by his death ; and the burden was wholly upon the obligor that survived. If the last surviving obligor died the action remained against his representatives. *Menge's ex'r* v. *Field's ex'r*, 2 Wash. 136 ; *Elliott's ex'r* v. *Lyell*, 3 Call. 268 ; *Chandler's ex'r* v. *Neale's ex'rs*, 2 H. & M. 124 ; *Atwell's adm'r* v. *Milton*, 4 H. & M. 253 ; Roane, Judge, in *Atwell's adm'rs* v. *Towles*, 1 Munf. 181 ; *Braxton's adm'r* v. *Hylyard*, 2 Munf. ——. If the cause of action were joint and not joint and several, the executor of the deceased was liable at law, before our statute. 1 Robinson's (old) Practice. But the single bill in the case at bar, according to the allegations of the declaration, is joint and several. It may be, that strictly speaking, in a case like this the breach should be laid in the declaration as in the form prescribed by Mr. Robinson or its equivalent, but under the view I take of the general conclusion of the declaration, it is unnecessary to decide that point in this case.

Where an action of debt is brought upon two promissory notes, or two bonds, it is unnecessary to add to each count the usual conclusion. 1 Saunders on Plead. and Ev. 497, side page 405 ; Gilb. Debt 414 ; Robinson's Forms 409, 410, 412. It is not pretended in this case, that the general conclusion to the declaration is not a sufficient breach, if it had been added to the first count of the declaration in this case ; and being added to the declaration as a general conclusion it applies to each count as well as all collectively in the action of debt. Whatever defects, if any, there may be in the form of the breach as added to the said first count, are cured by the

1881
Spring
Special Term.

Somerville
v.
Grim.

said general conclusion. In declaring on the common counts in the action of debt "the usual conclusion in each count by reason whereof, &c., an action hath accrued, &c., is unnecessary, and the usual breach at the end will suffice." 1 Saunders on Plead. and Ev. 497, side p. 405; Gilb. Debt 414. And so, as above stated, in an action of debt upon two or more promissory notes or bonds, according to Mr. Robinson's forms which I think are correct.

The debt demanded in the commencement is usually the aggregate of all the sums claimed by the declaration to be due; but a mistake in the calculation is quite immaterial. 1 Saunders on Plead. and Ev. top p. 197 and side p. 405; 11 East. 6. The action of debt lies to recover money lent, paid, had and received, &c. 1 Chitty Plead. 6th Am. ed. top p. 123, side p. 124. In the case of *Eib* v. *Prindall's ex'r*, 5 Leigh 109, Judge Carr in his opinion at page 110 says: "Debt lies in all cases of determinate contract, whether verbal or written, and is distinguished from *assumpsit* in this, that the latter must be brought, where the object is to recover damages for the non-performance of a parol or simple contract; but when the sum is ascertained, debt may be brought. Of the simple contract, for which debt lies, there is no doubt that a contract for money due on an account stated is included." <sub>Syllabus 4.</sub>

It is said, however, that debt on simple contract will lie for an indeterminate sum, capable of being readily reduced to a certainty, though it will not lie where the demand is rather for unliquidated damages than for money. 1 Chitty 101; Bac. Debt, E," ; 2 vol. of Tucker's Commentaries, 3d ed. 94.

Debt on a specialty and on a *mutuatus* or other simple parol contract may be joined in the same action. *Eib* v. *Prindall's, ex'r.*, 5 Leigh 109. *Union Cotton Manufactory* v *Lobdell et al*, 13 Johns. 462. <sub>Syllabus 1.</sub>

The second, third and fourth counts in the declaration in the case at bar are substantially, if not literally, the

same as given by Mr. Chitty at page 386 and side page 387 of the 6th Am. ed. of his work on pleadings, in debt for, money lent, money paid and money had and received, and they are clearly good and sufficient as counts in debt, and there is no misjoinder of counts or actions in joining the three last named counts with the third. It was not necessary to allege a request to pay in either the second, third or fourth counts of the declaration. See forms in 2d Chitty on Plead. for money lent, money paid, and money received. *Supra.* The breach at the end of the declaration is I think sufficient. An obligation to pay money on demand is evidence of a present debt payable *instanter*, and the writ is a demand. *Payne* v *Butler*, 6 Randolph, 101 and 105. But the allegations of refusal to pay contained in the breach at the end of the declaration necessarily implies a request.

It seems to me upon the whole, that the court did not err in overruling the said demurrer. After the demurrer was overruled, the defendant filed two pleas, to wit : *non est factum* as to the supposed writing obligatory in the declaration mentioned, and *nil debet* as to each of the three last counts in the declaration. Upon these pleas issue was joined and a trial of the issues were had before the court by the jury on the 20th of April, 1878, and the jury found for the plaintiff upon the issues joined the sum of $334.00, and upon this verdict the court on the day and year last aforesaid rendered judgment for the plaintiff, against the defendant for the amount thereof with interest thereon from the day and year last aforesaid and for the plaintiffs costs of suit.

No error is assigned in any of the proceedings of the court subsequent to the overruling of the demurrer to the declaration ; and I have discovered none.

For the foregoing reasons there is no error in the said judgment of the circuit court of the county of. Mason rendered in this cause on the 20th day of April, 1878 ; and the same must therefore be affirmed, and the plaintiff in error must pay to the defendant in error damages

according to law, and his costs in this suit expended about his defence of the writ of error and *supersedeas* awarded in this cause.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.