# CHARLESTON.

CHARLES BEUKE *v.* BOGGS RUN MINING & MANUFACTURING
Co. *et als.*

(C. C. No. 365.)

Submitted October 7, 1925.    Decided October 20, 1925.

1. PLEADING—*Declaration Containing Necessary Averments So That Judgment According to Law and Right of Case May be Given Held Sufficient.*

   Mere matters of form in pleadings, except in pleas in abatement, are for the most part no longer regarded as material, or as vitiating the pleading. A declaration containing the necessary averments, so that judgment according to law and the very right of the case may be given thereon, is sufficient. (p. 145.)

   (Pleading, 31 Cyc. pp. 101, 102.)

2. ACTION—*In Action for Mining Coal Within Five Feet of Plaintiff's Land, Other Counts for Appropriation of Plaintiff's Coal and for Injury to Surface May be Joined.*

   In an action brought in trespass on the case to recover the penalty for violation of Code, chap. 79, sec. 7, for mining coal within five feet of plaintiff's lands, other counts against the same defendants for claims for damages for appropriation of plaintiff's coal, and for damages for injury to plaintiff's surface lands, may be joined. Here the same general plea may be pleaded, and the same judgment given on all counts in the declaration. (p. 145.)

   (Actions, 1 C. J. § 238.)

3. SAME—*Failure of Declaration Against Several Joint Tort-Feasors to Show Ground of Joint Liability, Held Good Cause for Demurrer for Misjoinder of Parties.*

   Failure of a declaration against several joint *tort feasors,* joined in one action, to show ground of joint liability, is good cause of demurrer thereto for misjoinder of parties. (p. 147.)

   (Actions, 1 C. J. § 266.)

4. SAME—*Distinct Causes of Action Against Several Defendants Cannot be Joined in Same Action, Although Against Same Plaintiff.*

   Distinct causes of action against several defendants cannot

be joined in the same action, although in favor of the same plaintiff.   (p. 147.)

(Actions, 1 C. J. § 262.)

5.  SETOFF AND COUNTERCLAIM—*In Action to Recover Penalty for Mining Within. Five Feet of Contiguous Boundaries of Land, Defendant May Plead Set-off for Plaintiff's Mining Within Five Feet of Defendant's Boundary.*

In an action of trespass on the case to recover the statutory penalty for mining within five feet of contiguous boundaries of land, without consent in writing of all interested in said land, the defendant may file a special plea of set-off for such statutory penalty, for plaintiff's unlawful acts of mining within five feet of defendant's boundary, as the penalty therefor, is a fixed and definite sum, prescribed and ascertained by law.   (p. 148.)

(Recoupment, Set-off and Counterclaim, 34 Cyc. p. 655.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.)

Certified Questions from Circuit Court, Marshall County.

Action by Charles Beuke against the Boggs Run Mining & Manufacturing Company and others.   Demurrer to the declaration was sustained as to the named defendant and overruled as to defendant Cotts, and plaintiff's demurrer to the last-named defendant's special plea was sustained, and the court certified questions.  .

*Affirmed in part; reversed in part.*  .

Herman A. Hundt and Martin Brown, for plaintiff.

J. C. Simpson and James T. Miller, and McCamic & Clark, for defendants.

WOODS, JUDGE:

There has been certified to us by the circuit court questions involving the correctness of its rulings on defendants' demurrers to the declaration and plaintiff's demurrer to the special plea filed in.the action.

The declaration alleges that the plaintiff is the owner in fee of a .672-acre tract of coal land bought from the Boggs Run Mining & Manufacturing Company in 1896, and also the owner of the surface of a contiguous tract of 18.5 acres bought

from the same company in 1900; that in 1917, said mining company leased the Pittsburgh vein of coal of a large tract belonging to it in Marshall and adjoining counties (including the coal under the said 18.5-acre tract) to C. H. Ramsay, who in 1919, assigned all of his right, title and interest in said lease to one R. J. Cotts. It is alleged that the lease was subject to certain provisions: that the entry for mining by the lessee shall be through the land of the lessee; that the coal shall be taken out in a first-class workmanship manner, the lessor to have the right to enter and inspect said mines at any time desired; and, that the lessee shall pay the lessor ten cents per ton of 2240 pounds run of mine for all coal taken out, with right in the lessee to surrender the lease. Cotts proceeded, under said assignment, to take out the coal, and plaintiff sets out his damages in his declaration in trespass on the case, in three separate subdivisions.

In the first subdivision damages are claimed for coal mined and taken out of said coal belonging to the plaintiff, within and underlying the said .672-acre tract, without permission or consent of the plaintiff, of great value; and further, that such mining thereunder was done without leaving any support to the overlying strata thereof, to the further great damage of the plaintiff. In the second subdivision is alleged failure to protect the mining under the 18.5-acre tract so that the surface would not fall in—that the roof was not safely propped, and that the result of said coal mining under said tract was that the surface thereof was thereby caused to sink and drop, causing great cracks, crevices and holes, damaging the surface for farming, gardening and building purposes, and causing a valuable spring of water to be diverted and rendered dry and useless. In the third subdivision is alleged that without the consent of the plaintiff, either orally or in writing, there were four invasions within five feet of the line dividing the coal under the tract of land containing the 18.5 acres from the coal under the .672-acre tract. The statutory penalty, therefor, under section 7, chapter 79, code, was laid at $2,000.00.

The mining company and defendant Cotts demurred to the declaration, Ramsay making no appearance. The demurrer

was sustained as to said mining company and overruled as to Cotts  Cotts then filed a special plea alleging that while he was in possession as lessee of the 18.5-acre tract that plaintiff had unlawfully, knowingly and wilfully opened, sunk, digged, excavated and worked a coal mine or shaft at four different places on the .672-acre tract and within the five feet of the division line of the properties, and claiming the statutory penalty. (Code, chap. 79, sec. 7). This plea was filed, and the demurrer thereto by the plaintiff sustained.

The first question argued by the counsel on both sides is one of practice—whether three causes of action are blended in one count or whether the pleading supports the conclusion that there are three separate counts.

The theory of separate counts is that each is a complete cause of action, as distinct from the others as if it stood alone in the pleading. 31 Cyc. 121. But averments which precede the statement of any cause of action and necessary to show the liability of the defendants, and constitute what is called the commencement of the pleading, are entirely distinct from the various counts and need not appear in each. *Abendroth v. Boardley,* 27 Wis. 555. While here there are stated three separate causes of action, they lack the usual designation of counts, but appear in three separate divisions. Does each division constitute a separate count? The defendants in their demurrers treated them as three separate counts. The matters pleaded as inducement, and necessary to show the liability of the defendants, are not restated in the subdivisions of the declaration, but when taken together with the allegation of the first subdivision, are in form a count for trespass on the .672-acre tract of the plaintiff. The two following subdivisions, by sufficient reference to the inducement and the first subdivision, state distinct causes of action—i. e., damages for destruction of subjacent support of the surface on the 18.5-acre tract, and for recovery of the statutory penalty for mining within five feet of the line, respectively. This conforms to the rule in 1 Chitty Pl. 413, that in subsequent counts where reference is made to the first, and where the inducement is the same it is considered as if the inducement were repeated in each count. Each of the three subdivisions here

concludes with an *ad damnum* clause, as well as such general clause at the conclusion of the pleading. However, in *Somerville* v. *Grim,* 17 W. Va. 803, it is held that where there were several counts in a declaration, the usual conclusion need not be added to each count and if the general conclusion of the declaration is in proper form and good, it will be considered as applying to each separate count as well as all collectively. Mere matters of form in pleadings, except in pleas in abatement, are for the most part no longer regarded as material, or as vitiating the pleadings. Code, chap. 125, sec. 29. A declaration containing the necessary averments, so that judgment according to law and the very right of the cause may be given thereon, is sufficient, although not artistically and critically drawn. *Davidson* v. *Railway Company,* 41 W. Va. 407; *Boster* v. *C. & O. Ry. Co.,* 36 W. Va. 318. According to the principles stated, the subdivisions may properly be treated as counts, the sufficiency of which we will determine later in this opinion.

The defendants insist that there is misjoinder of causes of action, in this, that in said declaration there is a count declaring for recovery of the statutory penalty (a fixed sum), with counts for damages for appropriation of plaintiff's coal and for damages for injury to plaintiff's surface lands. In considering this ground of demurrer the causes of action will be looked to independently of the liability of parties defendant. In *Maple* v. *John,* 42 W. Va. 30, it is held that the statutory penalty for mining within five feet of another's land may be recovered either by an action in debt or in trespass on the case. Hence, this particular right of action was properly declared on. In the last mentioned case there was a joinder of a common law count in trespass on the case for damages to land with a count for a penalty. The Court there said: "Any person injured by the violation of a statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of damages. Code, s. 7, c. 103. This, however, does not of itself give the right of joining a suit for such damages with a count for the penalty.

*   *   *   Judgment being given only for the penalty, the question of the addition of the first   *   *   *   count does not arise." In Hogg's Pleading & Forms (3rd Ed) Sec. 169, it is said:· "It not infrequently happens that the plaintiff has two causes of action, which may be joined in one suit only, and if he commence two actions, he may be compelled to consolidate them and to pay the costs of the application. It is, therefore, important to know whether several demands may be included in the same action. The rule governing the joinder of actions is laid down by the different authors with a singular harmony of expression, and is couched in words few and simple; and all agree in declaring that 'when the same plea may be pleaded, and the same judgment given on all the counts of the declaration; or whenever the counts are of the same nature, and the same judgment is to be given on them all,   *   *   *   they may be joined.' " See: Stephen on Pl. (8th Ed.) p. 267; Gould's Pl. (5th Ed.) p. 207; Shipman's Com. Law Pl. (2nd Ed.) p. 364; Chitty's Pl. (2 Am. Ed.) Vol. 1, p. 197. The rule here announced has been approved in this State and in Virginia. *Development Company* v. *Chidester,* 86 W. Va. 561; *Schaffner* v. *National Supply Co.,* 80 W. Va. 111; *Shaffer* v. *Railway Company,* 93 W. Va. 300; *Standard Paint Co.* v. *Vietor & Co.,* 120 Va. 595; *Fisher* v. *Seaboard Air Line Ry. Co.,* 102 Va. 363. A case directly in point is that of *Withington* v. *Young,* 4 Mo. 564, where the court permitted a general count in trespass to be joined with a count on statute prescribing a penalty for certain trespasses. There is an implied holding to like effect in our recent case of *Coal Company* v. *Coal Company,* 96 W. Va. 700. In that case there was a joinder of counts of the same nature as we have here. No objection was urged to such joinder either in the court below or on appeal. Our conclusion is that there is no misjoinder of causes of action here.

Is there a misjoinder as to parties? The defendants assert that there is. The rule is stated in 1 C. J. 1072, that in order that causes of actions against several defendants may be joined, they must affect all of the defendants. *McKee* v. *Kent,* 24 Miss. 131; *Phenix Iron Foundry* v. *Lockwood,* 21 R. I. 556; *Claremont Bank* v. *Wood,* 12 Vt. 252. It is a rule like-

wise that distinct causes of action against several defendants cannot be joined, although in favor of the same plaintiff. 1 C. J. 1072.

Failure of a declaration against several tort feasors, joined in one action, to show any ground of joint liability, is good cause of demurrer thereto for misjoinder of parties. *Farley* v. *Crystal Coal & Coke Company,* 85 W. Va. 595. The liability of the mining company for the acts complained of in the declaration is based on the fact of its being the lessor to defendant Cotts, who committed the acts of trespass against the plaintiff in mining the coal. It is apparent that the claim for the taking of coal from the .672-acre tract and damages to the surface thereto, as set out in the first count, pertains to lands other than those covered in the lease from the mining company to defendant Cotts. The cases cited by counsel for plaintiff in support of the proposition that the defendants are jointly liable tend only to establish liability of a lessor for subsidence caused by operation of his lessee in a mine lease, under conditions in the lease, on lands covered by said lease. They have no application to the mining company's liability under the first count. The first count here relates to lands of others foreign to the lease. The plaintiff bases his claim against the mining company solely on the relation of lessor and lessee under the terms of the mining lease in question. This relationship, it is plain, cannot be invoked to place liability on the defendant mining company for tortious acts of Cotts on lands in which the mining company has no interest. The declaration does not allege such participation in the acts complained of in the first count as would establish liability against the mining company. In the absence of sufficient allegations to show such participation, it would not be liable. The circuit court evidently took this view, and properly sustained the demurrer to the declaration as to the Boggs Run Mining & Manufacturing Company. In so doing it committed no error. Each of the counts in the declaration states a good cause of action against the defendant Cotts, and the court properly overruled the demurrer as to him. The question of whether the defendant mining company is liable under

the second and third counts in the declaration, we are not called upon now to decide.

We now turn to a consideration of the special plea of the defendant Cotts, which is also certified here for review. The question raised by this plea is: Can one in a suit in trespass on the case for the recovery of the statutory penalty under sec. 7, chap. 79, code, for coal mining within five feet of a contiguous boundary, file a special plea of set-off for such statutory penalty, for plaintiff's acts of mining within five feet of defendant's line? In other words, where each has an identical cause of action for statutory penalty, must defendant bring a separate suit for his claimed penalty, or may he by a special plea have that issue submitted to the jury trying the original action? The action for the penalty under the statute is for a sum certain, and not as for a tort act, though it does not survive. *Gawthrop* v. *Land Company*, 74 W. Va. 39. This is in fact, as we have already stated, an action for a debt, whatever the form of action adopted, and though the form may be debt, assumpsit or case. *Maple* v. *John, supra.* Under chap. 126, sec. 4, code, there may be a set-off "in a suit for any debt", and debt itself will lie for this set-off. We are not unmindful of the rule that one trespass can not be set off in bar of another. *Knight* v. *Brown*, 25 W. Va. 808; *Hargraves* v. *Kimberly*, 26 W. Va. 787. The reason is that the claim there is unliquidated. According to the authorities heretofore cited, an action of trespass on the case, would lie to defendant to recover the statutory penalty claimed by him. The plaintiff is asserting his claim to a statutory penalty in a like action. Sets-off are to be encouraged. There is no reason or propriety in driving parties to cross-actions, and compel the claims to be settled in two suits, when full and equal justice can be awarded to them in one action. It is a broad general principle of practically universal application that to warrant a set-off the demands must be mutual and subsisting between the same parties. *Navigation Co.* v. *Rice*, 9 W. Va. 636; *Pulliam* v. *Winston*, 5 Leigh 324; *James'* v. *Johnston*, 22 Gratt. 461; 34 Cyc. 712. There is a mutuality of demand between the defendant Cotts and the plaintiff here. Of course the defendant is not compelled to

avail himself of it but has the option of pleading the same by way of a set-off in any proper action against him, or of making it the ground of an independent action. *Trimyer* v. *Pollard*, 5 Gratt. 460; *Kennedy* v. *Davisson*, 46 W. Va. 433. In *Rosser* v. *Bunn*, 66 Ala. 89, the supreme court of that state, under a statute similar to our own, governing sets-off, held that the statutory penalty for cutting down trees "wilfully and knowingly, without the consent of the owner", is a fixed and definite sum, prescribed and ascertained by law; and a cause of action for such penalty, not being a demand, sounding in damages merely, is available as a set-off. Again in *Morris* v. *Bank*, 153 Ala. 352, it is stated that any demand which may be measured by a pecuniary standard, in a legal sense not sounding in damages only, may be set-off, whether the same be *ex contractu* or *ex delicto*. Under our system of pleading, do the averred facts in the plea of Cotts present a subject matter which is available as a defense in that form in the present case? It constitutes a demand for a fixed sum—a demand on which, when the facts on which it rests are ascertained, the law itself defines the measure of recovery. The averment of the tortious acts of the plaintiff in mining within five feet of the line dividing the land of the plaintiff and said defendant Cotts, without the consent of said defendant in writing, brings it within the letter of the statute. Why then is it not available here as a set-off? Our statute is remedial, intended to prevent multiplicity of suits; the defendant is authorized by this statute upon the trial to make all the discount he can against plaintiff's debt. Whenever there is practicability of avoiding circuity of action or needless costs with safety and convenience to all the parties, a set-off should be allowed upon equitable principles, although the case may not come within the usual rules.

For the reasons herein stated the ruling of the circuit court in sustaining the demurrer to the declaration as to the mining company, and overruling the demurrer as to defendant Cotts, is affirmed; and the ruling in sustaining the demurrer to the special plea is reversed. We so certify.

*Affirmed in part; reversed in part.*