# CHARLESTON.

NELLIE M. DEPUE *v.* BALTIMORE & OHIO RAILROAD COMPANY
*et al.*

(C. C. No. 374)

Submitted January 19, 1926.  Decided January 26, 1926.

RAILROADS—*County Court and Railway Company Jointly and Severally Liable for Injuries on Public Road at Crossing Not Kept in Repair, as Required by Statute.*

> For their failure to keep in repair a county-district road at a railway crossing as required by statute, the county court and the railway company are jointly and severally liable for injuries sustained to the person or property of a traveler upon the public road at such crossing, and a joint action therefor may be maintained against them by the injured party.
>
> (Highways, 29 C. J. § 311; Railroads, 33 Cyc. p. 1052.)
>
> ──────────
> (Note:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court Roane County.

Action by Nellie M. Depue against the Baltimore & Ohio Railroad Company and others.  After overruling a demurrer to plaintiff's declaration, the trial court certified questions.

*Ruling affirmed.*

*Thos. P. Ryan,* for plaintiff.
*S. P. Bell,* for defendants.

MILLER, JUDGE:

The circuit court was of opinion that the demurrer of defendants to the plaintiff's declaration should be overruled, but certified to us the questions presented for our judgment thereon.

The action is for personal injuries sustained by reason of the alleged negligence of the defendants to keep in repair a public road at the point where the railroad company's line crosses the county road; it being alleged that it was their duty, and the duty of each of them, to maintain said crossing

in a reasonably safe condition, and because of the neglect of their duty in the premises, the plaintiff's horse, when attempting to traverse said crossing, caught its foot in a hole or depression in said road, whereby without fault on her part, plaintiff was thrown from its back and sustained the injuries complained of.

The declaration charges that the road in question is a public road, worked, maintained and supervised by the county court, extending from the City of Spencer, in Roane County, down Spring Creek to the Wirt County line, all located in Roane County, and which had been kept and maintained by it and under its immediate control for many years next before the alleged injuries of plaintiff; and that the defendant railroad company was then, and for many years had been, the owner and operator of the railroad crossing said public road, which was near a station called Nancy's Run, and that it was also its duty to keep its roadbed at the point of intersection with said public road in good and safe condition, which it had likewise failed and neglected to do, but that on the contrary it had allowed the same to be and remain out of repair as alleged, its negligence then concurring with that of the county court in doing the injury to plaintiff for which she sues.

The main point of error urged by defendants' counsel is that there is no averment of any concurrent act or acts rendering defendants jointly liable, wherefore the demurrer should have been sustained. For this position they rely mainly on our cases of *Farley* v. *Coal & Coke Co.,* 85 W. Va. 595; *Day* v. *Coal & Coke Co.,* 60 W. Va. 27; *Barger* v. *Hood,* 87 W. Va. 78; and *Beuke* v. *Boggs Run Etc. Co.,*100 W. Va. 141, 130 S. E. 132. These decisions do fully sustain the proposition, founded on authority and reason, that different persons whose acts of negligence were wholly unrelated in time, place and circumstance, though they may have contributed to the injuries sustained, cannot be joined as defendants in the same action for damages.

But how do these decisions bear on the cause of action pleaded in the present declaration? The acts of negligence complained of are not affirmative acts of the parties, as in

the cases cited, but of omission of duties imposed upon each of the parties by positive law. Their sins being those of omission, not of commission, did they not concur in time, place and circumstance in the resultant injury to the plaintiff, bringing them clearly within the converse of the proposition relied on by defendants' counsel, namely, that where the acts of negligence are affirmative, related and concurrent, the joint tort feasors may be joined in the same action. We think they did. Section 23 of chapter 39 of the Code imposes upon the county court the duty to keep in good repair and condition any road, bridge or public landing belonging to or which is under its care and control. Section 167 of chapter 43 of the Code gives right of action to any person sustaining injury to his person or property by reason of any *county-district road or bridge* being out of repair, for all damages sustained by him by reason thereof. We find nothing excepting the county court from such liability for injuries occurring at railroad crossings, except where the road crossed is a state road taken over by the state road commission and no longer classed as a county-district road. It will be observed that liability of the county court is as to defective county-district roads. As in the recent case of *Clayton* v. *County Court*, 96 W. Va. 333, the declaration in this case does not specifically allege that the road involved here is or was a county-district road, as distinguished from a state road, or one taken over by the state road commission, but we think that what is alleged amounts to a sufficient pleading on that theory; but as was said in that case, if on the trial it should turn out that the said road is not a county-district road, but a road taken over by the state road commission, the action against the county court would fail of fruition.

On the other hand, and as imposing liability and duty on the railroad company, section 65 of chapter 43 of the Code provides that, ''whenever any railroad or electric or other railway heretofore or hereafter constructed shall cross any road it shall be required to keep its own road bed and the bed of the said road or highway at such crossing, in proper repair, or else,'' etc.

So that the duty of repair and maintenance at crossings

being by the statute cast on both the county and the railroad company, both are, and each is, liable to the injured person, the railroad primarily, and the county court secondarily, but both jointly, if the injured person elects to pursue both. *Williams* v. *Main Island Creek Coal Co.*, 83 W. Va. 464, syl. 13. This case supports the proposition here affirmed, that where the defendants' act is that of omission, the negligence is concurrent, and both may be sued jointly. So also in the case of *Johnson* v. *City of Huntington*, 80 W. Va. 178, syl. 3.

In this state the absolute duty is imposed upon a county court to keep the roads under its control in a reasonably safe condition and repair for travel thereon day and night. *Williams* v. *Main Island Creek Coal Company, supra*, p. 470, and cases cited. And though the duty at a railroad crossing is imposed primarily on the railroad company, the duty rests secondarily on the municipal authority having oversight and charge of the roads, to see that the one primarily responsible discharges his or its duty. If possible, we must so construe the statutes as to make them harmonious. No injustice or wrong can result therefrom, for the municipality may recover from the one primarily liable such damages as it may sustain in consequence of its liability. 2 Elliott on Roads and Streets (3rd ed.), §§ 985, 986; Williams on Municipal Liability for Torts, § 112, p. 186, and cases cited in notes; 33 Cyc. 1052; 26 R. C. L. p. 763.

We are of opinion that the ruling of the circuit court on the demurrer was correct and ought to be affirmed.

*Ruling affirmed.*