ADDISON,
*January,*
1840.

PRESIDENT DIRECTORS AND COMPANY OF THE CLAREMONT
BANK *v.* NATHAN WOOD *et al.*

In an action upon a joint and several note, the plaintiff issued his writ a-
gainst four persons, declaring upon a note executed by them all, one
of whom was not served with the writ, and, pending the suit, the plain-
tiff was permitted to amend his declaration, by adding new counts against
the three, only, who were served with process. Held;—that there was a
misjoinder and that the declaration was insufficient.

ASSUMPSIT, on a promissory note, given by Joseph Hough
and Nathan Wood, as partners, under the firm of Hough &
Wood, and the defendants Wheelock and Judd.

The writ and original declaration, in this case, were against
the said Hough, Wood, Wheelock and Judd. The writ
was served upon Wood, Wheelock and Judd, and a *non est*
return was made as to Hough.

The plaintiffs, in their original declaration, alleged " that
" the defendants, on the twelfth day of June, 1831, at Clare-
" mont, in the state of New Hampshire, made and signed
" their certain note, in writing, commonly called a promisso-
" ry note, the said co-partnership name of Hough & Wood
" being thereto subscribed, by one of said partners, and the
" names of the other defendants being thereto subscribed
" with their own proper hands, bearing date the day and
" year last aforesaid, and thereby, each as principal, jointly
" and severally promised to pay the plaintiffs or bearer two
" thousand dollars in ninety days from date," &c.

After the writ was entered in the county court, the plain-
tiffs obtained leave to amend their declaration, and thereupon
filed two additional counts against the three defendants,
only, who had been served with process, in the first of which
the plaintiffs alleged " that on the twelfth day of June, 1831,
" a᾽ Claremont, &c., the said Nathan, Jonathan and Ebene-
" zer W. made and signed their certain note in writing, com-
" monly called a promissory note, bearing date the day and
" year last aforesaid, to which also was subscribed, by the
" said Nathan Wood, the co-partnership name of the firm of
" Hough & Wood, which said firm had previously consisted
" of Joseph Hough, who hath not been served with the writ
" in this suit, and the said Nathan Wood, and the said firm
" had been previously dissolved, by which said note the said

" Nathan, Jonathan and Ebenezer W. then and there, each " as principal, jointly and severally promised to pay the plain- " tiffs or bearer two thousand dollars in ninety days from " date," &c.

In the other count the allegations relating to the partnership of Hough & Wood were omitted.

The cause came on for trial at the June term of the county court, 1839, upon an issue of fact, when the plaintiffs moved the court for liberty to go to trial upon the original declaration alone. The plaintiffs, at the term preceding, were required by the court to elect whether they would go to trial upon the original declaration or on the counts filed as an amendment of the declaration, and elected to go to trial on the new counts. The defendants, however, were willing that the original declaration should be considered as before the court, if the court would permit them to plead anew, and thereupon the court permitted the cause to proceed, treating the original declaration and the new counts as before the court, and granted leave to the defendants to change their plea. The defendants then demurred to the declaration and the plaintiffs joined in demurrer.

The county court decided that the declaration was insufficient and rendered a judgment for the defendants, and the plaintiffs excepted to the decision.

*Starr & Bushnell*, for plaintiffs.

1. The court below erred in not permitting the plaintiffs to go to trial on the original declaration. If the amendment of the declaration was improperly made, the plaintiffs had the right to resort to their original declaration (which was still before the court) and take a trial upon it. The plaintiffs claimed to go to trial on the original declaration, alone, which they were not permitted to do. *Parker* v. *Parker*, 17 Mass. R. 376. *Barber* v. *Ripley et al.* 1 Aik. R. 80.

2. The court erred in permitting the defendant to withdraw their plea and demur to the declaration, *after issue joined*, when the plaintiffs, if they proved either count of their declaration, (which was good in itself) would have been entitled to a verdict and judgment on that count, by a special finding of the jury, though the proof might not support the other counts. The case was taken from the jury, upon a technical exception, after the pleadings had been closed and the

ADDISON,
January,
1840.

Claremont
Bank
*v.*
Wood *et al.*

ADDISON,
January,
1840.

Claremont
Bank
v
Wood et al.

case had come on for trial. A demurrer cannot be put in after an issue of fact is joined, but by consent of the parties. Gould's Pleading, 472, sec. 31, and 172, sec. 6. Chitty's Pl. 206. 5 Bacon's Ab. 209. *Hancock et al.* v. *Hayward*, 3 Term. R. 433.

3. The amendment, in this case, was properly permitted, and the declaration is good. All the counts in the declaration describe the same written contract. They all apply to the parties in this suit. The original declaration charges all the signers of the note as real parties or persons. The counts added as an amendment, allege the dissolution of the partnership of Hough & Wood previous to the execution of the note, in other words, that there was no such partnership at that date ;—that that signature to the note was fictitious. The allegation in the amendment, is, in substance, that one of the parties named in ! the original declaration, whose name appears upon the contract, was fictitious. The main purpose of joining different counts, on a single contract, is, to adapt the declaration to the proof that may be presented on the trial. If the same written contract is desbribed in the several counts, there is no misjoinder, though in one count one signature is treated as that of a real existing person or party, while in another count the same signature is treated as fictitious. It is the same identical written contract described in all the counts. See Chitty's Pl. 197. *Carpenter* v. *Gookin*, 2 Vt. R. 495. *Barber* v. *Ripley et al.* 1 Aik. R. 80. *Snow* v. *Conant*, 8 Vt. R. 301. *Ball* v. *Claflin*, 5 Pick. R. 305. 2 Saunders, 117, c.

4. If there is a misjoinder of counts, the court will permit the plaintiff to strike out the counts, heretofore added as an amendment, under the circumstances of the case, without terms. *Jennings* v. *Newman*. 4 Term. R. 348. Chitty's Pl. 206. *Barber* v. *Ripley et al.* 1 Aik. R. 80.

*J. Pierpoint*, for defendants.

Courts will not take cognizance of distinct and separate claims or liabilities of different persons, in one suit, though standing in ! the same relative situation. 1 Chit. Pl. 31. 1 East, 226-7.

A plaintiff cannot bring his action against two, and state one cause of action against one and another cause of action against the other. 1 Chit. Pl. 200. 2 Sand. 117, (a). So,

too, if the plaintiff bring his action against two, and declare in the first count against both and in the second count against but one, the declaration is bad on demurrer. *Drummond* v. *Dorant*, 4 Term R. 360.

Assumpsit against husband and wife cannot be joined with assumpsit by the wife *dum sola*. 1 Com. Dig. 22. *Edwards* v. *Davis*, 16 Johns. R. 281.

ADDISON,
*January*,
1840.

Claremont
Bank
*v.*
Wood *et al.*

The opinion of the court was delivered by

BENNETT, J.—This case comes before the court upon a demurrer to the plaintiffs' declaration. In the first count, they declare against Wood, Hough, Wheelock and Judd, upon a note executed by the four, and in the second and third counts, upon notes executed only by three of the same persons, and we think it is quite clear that such counts cannot be joined in the same declaration. Courts cannot take jurisdiction of distinct and separate claims against different persons, in the same suit. It would lead to great confusion in the rights of individuals, as well as in the trial of causes, if such was the law. The fact that a *non est inventus* was returned as to Hough, can make no difference in the application of the principle. Though the allowance of the amendment to the plaintiffs' original declaration, seems somewhat incongruous, yet, when the new counts were added, by way of amendment, they relate back to the commencement of the suit, and the question must stand upon the same ground as if the declaration had originally issued with the three counts. When a suit is commenced upon a joint contract against two or more, and a *non est inventus* is returned as to one of them, this cannot have the effect to change the character of the trial or the rules of evidence. It is manifest these counts cannot be tried together, and, for this misjoinder, the declaration must be held insufficient. The judgment of the county court is therefore affirmed.

After the judgment of the court was pronounced, on motion, the judgment of the county court was reversed, *pro forma*, and the plaintiffs had liberty to amend their declaration.