### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF·INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1859, IN THE FORTY-
FOURTH YEAR OF THE STATE.

---

### TOBIN and Wife *v.* CONNERY and Wife.

While a *feme sole* occupied certain premises, she married, and afterwards, with her husband, continued the occupation.

*Held*, 1. That for the time she occupied as a *feme sole*, suit would necessarily be brought against her and her husband; but unless it were shown that he received property by her at marriage or afterwards, the judgment would be levied of her separate property.

2. That for the time the husband and wife occupied the premises, the suit and the judgment, *prima facie*, should be against the husband alone.

Where the suit and the judgment in such case, were against husband and wife, jointly, there is a misjoinder both of causes of action and parties.

Although a judgment cannot be reversed for a misjoinder of causes, and will not be reversed for a misjoinder of parties curable by amendment, yet if from both, an incurable error intervenes, the judgment will be reversed.

APPEAL from the *Tippecanoe* Circuit Court.    *Monday,*
PERKINS, J.—This was a suit by *Connery* and *Connery* *November* 28.
against *Elizabeth Tobin* and *Patrick*, her husband. Joint judgment for the plaintiffs below against the defendants.

VOL. XIII.—5

The liability of the defendants arose thus:

*Elizabeth*, while a *feme sole*, occupied a piece of property belonging to the plaintiffs. She married *Patrick Tobin;* and, afterwards, with her husband, continued to occupy the premises of the plaintiffs. Such are the facts of record.

For the time that *Elizabeth* occupied the premises as a *feme sole*, the suit would necessarily be brought against her and her husband; but, unless it were shown that he received property from her at marriage, or afterwards, the judgment in the case would be rendered to be levied of her separate property. 1 R. S. p. 320.

For the time the premises were occupied by *Elizabeth* and her husband after marriage, the suit, *prima facie*, should be against the husband alone; and also the judgment. Reeve's Dom. Rel., p. 136.

But, in this case, the judgment for the use and occupation of both periods of time, is a joint one against the husband and wife.

There was, in this case, a misjoinder of causes of action, and a misjoinder of parties.

This Court cannot reverse a judgment for misjoinder of causes of action alone. 2 R. S. p. 38. Nor would it for a misjoinder of parties, as that could be cured by amendment. But here is, as appears by the record, a misjoinder of causes of action and of parties, from which an incurable error has intervened in the judgment. It is impossible for this Court to distinguish how much of the judgment should have been charged upon the wife alone, and how much upon the husband alone; while it appears that none of it should have been charged upon them jointly.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. LaRue* and —— *Royse*, for the appellants.