## BAKER ET AL. *v.* McCoy.

LIQUOR LAW.—*Act of* 1873.—*Action on Bond.*—*Personal Action.*—*Sections* 3 *and* 12.—Under the provisions of the act of February 27th, 1873, Acts 1873, p. 151, regulating the sale of intoxicating liquors, an action upon the bond of a person having a license under such act was authorized by section 3 thereof only, the action authorized by section 12 thereof being merely personal.

SAME.—*Joint Action on Several Bonds.*—*Motion to Separate.*—*Practice.*—*Pleading.*—A joint action against several persons, having separate licenses under such act, and their several sureties, upon their several bonds, could not be maintained ; and, where so joined in the same action, a motion to separate the complaint into as many separate actions as there are separate bonds, making the principal and sureties on each bond the only defendants in the action thereon, should be sustained.

SAME.—*Demurrer by Sureties.*—Where such motion to separate is overruled, the error is not cured by subsequently sustaining a demurrer by the sureties alone, thus leaving the principals only as defendants.

From the Clay Circuit Court.

*S. W. Curtis, G. A. Knight* and *I. M. Compton,* for appellants.

*W. W. Carter* and *S. D. Coffey,* for appellee.

HOWK, J.—On the 26th day of February, 1875, the appellee, as plaintiff, commenced an action against the appellants, as defendants, in the court below. Omitting the venue, the style of the court and the title of the cause,

the appellee's complaint was in the words and figures fol-
lowing, to wit:

"The plaintiff complains of the defendants, and says,
that, on the — day of ——, 18—, she was married to one
Arnet L. McCoy, with whom she lived and cohabited
until his death, which occurred on the — day of ——,
1874; that the said Arnet was a well-educated man, of
fine business qualifications, in the prime of life and en-
joying good health, save as the same was injured by the
wrongful conduct of the defendants, as hereinafter stated,
and was well-qualified to make for the plaintiff a comfort-
able support and happy home; that, on the — day of ——,
187-, the defendant William Baker obtained from the
county board of commissioners of Clay county, Indiana, a
permit to sell intoxicating liquor in the city of Brazil, and
then and there executed his bond to the State of Indiana,
with the defendants William McGuire, Campbell Dough-
erty and James R. Painter, as his sureties thereon; condi-
tioned for the payment of damages accruing to, or suffered
by, any person, in property or means of support, by reason
of any sale or sales of any intoxicating liquors to any
person by the said William Baker, a copy of which bond
is filed herewith and made a part hereof; that, on the —
day of ——, 187-, the said board of commissioners of
Clay county, Indiana, granted to the defendant Floyd
Graham a permit to sell intoxicating liquor in the said
city of Brazil, and that he then and there executed to the
State of Indiana his bond, with the said Campbell Dough-
erty, William C. Strowbridge, Joseph Cole and William
J. Michaelree as his sureties thereon, conditioned for the
payment of all damages that might be sustained by any
person, either in property or means of support, by reason
of any sale or sales of intoxicating liquor by the said
Floyd Graham, a copy of which bond is filed herewith
and made a part hereof; that, on the — day of ——, 187-,
the said board of commissioners of Clay county, Indiana,
granted to the defendant Peter Ingoldsby a permit to

sell intoxicating liquor in the city of Brazil, and he then and there executed his bond to the State of Indiana, with defendants William Jarboe, Isaac W. Sanders, James R. Painter, Robert S. Stewart and Timothy Donahue as his sureties, conditioned for the payment of all damages to any person, either in property or means of support, which he or she might sustain by reason of any sale or sales of intoxicating liquor by the said Peter Ingoldsby, a copy of which bond is filed herewith and made a part hereof; that, on the — day of ——, 187–, the said board of commissioners of Clay county, Indiana, granted a permit to sell intoxicating liquor, to the defendant Joseph Haines, in the city of Brazil, and that he then and there executed his bond to the State of Indiana, with defendants Campbell Dougherty, William C. Strowbridge, William Jarboe and John J. Biggs as his sureties thereon, conditioned for the payment of all damages that may be suffered by any person, in either property or means of support, by reason of the sale of intoxicating liquor by the said Joseph Haines, a copy of which bond is filed herewith and made a part hereof; that, on the — day of ——, 187–, the said board of commissioners of Clay county, Indiana, granted to the defendant Henry Wehrle a permit to sell intoxicating liquor in the city of Brazil, Clay county, Indiana, and that he then and there executed his bond to the State of Indiana, with the defendants Sebastian Wehrle, William Jarboe and Peter Ingoldsby as his sureties thereon, conditioned for the payment of all damages any person might suffer by reason of the sale of intoxicating liquor by the said Henry Wehrle, a copy of which bond is filed herewith and made a part hereof; and the plaintiff alleges, that, immediately after the granting of said permits, each of said defendants, so obtaining the same, entered into the business of selling intoxicating liquors, and bought and kept for sale, in said city of Brazil, large quantities of impure, noxious, poisonous and adulterated liquors, and immediately upon the granting of said per-

mits entered upon the sale of said liquors, in the said city of Brazil, under said permits, and each of said defendants, so obtaining said permits, continued to vend said noxious and poisonous liquors, in said city, under said permits, until after the death of said Arnet L. McCoy; and that, during all said time, each of said defendants, so having said permits, did, on each and every day after so obtaining the same, sell and vend said liquor to the said Arnet L. McCoy, so that he became and was poisoned thereby, and became and was an habitual drunkard, and neglected and failed to provide for the plaintiff by reason thereof; and that he did become so diseased from the effects of said liquor, that, on the 5th day of October, 1874, he died. And the plaintiff charges, that the death of said Arnet L. McCoy, her husband, was caused by the use of said liquor, so vended and sold by the defendants to him, and by no other cause whatever; and that, by reason of said sales to the said Arnet, the plaintiff has been injured and deprived of her support, to her damage in the sum of $3,000; wherefore the plaintiff demands judgment for $3,000."

The appellants moved the court below, in writing, to set down for trial five separate and distinct causes of action, to wit: One cause of action against each of the several principals and his sureties, on the several bonds sued on in this action, for the reason that said several causes of action, on said several bonds, were improperly joined and united, which motion was overruled, and the appellants excepted to this decision, and filed their bill of exceptions.

The appellants also moved the court below, in writing, for an order requiring the appellee to separate her complaint into five separate and distinct paragraphs, for the reason that this action was founded upon five separate and distinct written instruments; which motion was overruled, and to this decision the appellants excepted, and filed their bill of exceptions.

The appellants demurred to appellee's complaint, upon two grounds of objection:

1. A want of sufficient facts therein to constitute a cause of action; and,

2. A misjoinder of causes of action.

Which demurrer was overruled by the court below, and the appellants excepted to this decision.

The defendants, who were sureties in the several bonds sued upon in this action, also demurred to appellee's complaint, for the want of sufficient facts therein to constitute a cause of action against them; which demurrer was sustained by the court below, and to this decision the appellee excepted.

The appellants, who were the principals in the five several bonds sued upon, separately answered, by general denial, the appellee's complaint. And the action, being at issue, was tried by a jury, in the court below, and a verdict was returned for the appellee, assessing her damages at eight hundred dollars. And the appellants' written motion for a new trial having been overruled, and their exception saved to such decision, judgment was rendered on the verdict, by the court below.

In this court, the appellants have assigned, as errors, the various decisions of the court below, which were adverse to them. We will briefly consider and decide some of the questions presented by these errors.

It seems very clear to us, that the appellee brought this action under the provisions of the 3d section of "An act to regulate the sale of intoxicating liquors," etc., approved February 27th, 1873. Session Acts, 1873, p. 151, *et seq.* There is no other section of said act, which authorized a suit on the bond required in and by the said 3d section, in favor of the person injured, and against the principal and his sureties in such bond. If the appellee did not sue under the 3d section of said act, it would be difficult to understand for what reason, or by what authority, she made the several bonds of the

appellants parts of her complaint, or the sureties in said several bonds parties defendants to her action. It is insisted, however, by appellee's counsel, in argument in this court, that this action was brought under section 12 of said act, and they say, "The pleader evidently drew the complaint in question with the statute before him." If he did have the statute before him, it is very certain, we think, that it was the 3d, and not the 12th, section of said statute. The 12th section of said act provided only for a personal action against the person or persons selling, bartering or giving away intoxicating liquors, in certain cases; but it certainly was not provided in that section, that such personal action should be commenced and prosecuted, in any case, on the bond required by said 3d section.

The bonds of the appellants were certainly sued upon in this action; and when they and their respective sureties moved the court below, as they did, for an order requiring the appellee to separate her complaint into as many distinct and separate paragraphs as there were bonds sued upon, it is very clear, we think, that the court erred in overruling their said motion. The sustaining of said motion by the court below would have been one step, at least, in the right direction; and if, when the complaint had been thus separated into paragraphs, the court had sustained the further motion of the appellants to docket each paragraph as a separate action, the different actions could have been brought to trial in such a manner that each appellant could have been held responsible for the damages resulting from his own acts, and not for the damages caused by the acts of other persons.

It is true, that a subsequent decision of the court below, in sustaining a demurrer of the sureties in the several bonds to appellee's complaint, left the action to be thereafter prosecuted against the appellants only, the principals in said bonds. But it cannot be said, it seems

to us, that this decision cured the previous error of the court below; for the action was thereafter, as it was before, an action on the several bonds.

As the conclusion we have reached will render it necessary for the appellee to reconstruct her complaint in this action, and as the other errors complained of by the appellants may not occur on another trial of this cause, we need not now consider or decide any of the questions presented by said other errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' motion for an order requiring the appellee to separate her complaint into paragraphs.