GEORGE CHAPUT et al., Appellants, v. ARMINIUS F. BOCK et al.

**In Banc, November 29, 1909.**

1. **PLEADING: Multifarious: Quieting Title.** A petition, in a suit brought against 498 defendants to quiet title to a tract of land seven thousand eight hundred feet long fronting on a public street in the city of St. Louis, and four hundred feet deep, described as a U. S. Survey, to which each defendant filed a separate answer, each claiming to own a separate lot in said tract in severalty, and pleading a ten-year adverse possession, to which plaintiff replied by general denial, and in open court conceded that each defendant claimed in severalty the particular lot occupied by him and made no claim to any other part of the tract, is bad for multifariousness, and was properly dismissed.

2. ————: ————: ————: **Statute, Sec. 650.** Nor does section 650, Revised Statutes 1899, justify such multifariousness. That section must be read in connection with section 651, and with the Code of Civil Procedure, and under the Code if a petition on its face shows a misjoinder of causes of action it is demurrable, but if the defect does not appear upon its face, the objection may be taken by answer.

3. ————: **Multifariousness: Community of Interest.** In order to justify the bringing by one plaintiff of a suit against numerous defendants there must exist among the defendants, or between each of them and plaintiff, a common right, a commu-

nity of interest, in the subject-matter of the controversy, or a common title from which all their separate claims and all the questions at issue arise. It is not enough that, the claims of each individual being separate and distinct, there is a community of interest merely in the questions of law or fact involved, or in the kind and form of remedy demanded. If each defendant have a separate and distinct issue with plaintiff, there must be separate actions against each.

4. ——————: **Refusal of Amendment.** Where the court indicates that the case will for multifariousness be dismissed without prejudice, and plaintiffs ask thirty days in which to amend, but refuse to indicate, upon request, the character of amendment proposed, the court does not err in refusing an amendment.

5. ——————: ——————: **After Dismissal.** An application for leave to amend comes too late after a judgment of dismissal has been entered.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*C. F. Schneider* for appellants.

(1) It was error for the court below to render judgment dismissing the suit on judgment on the plea in abatement and refusing plaintiffs leave to file amended petition. (2) The suit involving one entire undivided tract, United States Survey No. 1583, plaintiffs had the right to join in one suit all persons who claimed any part, parcel or interest therein. The statute itself is broad enough to allow all parties claiming an interest in U. S. Survey No. 1583, to be made parties to the suit. Huff v. Laclede, L. & I. Co., 157 Mo. 65; Garrison v. Frazier, 165 Mo. 40. It is sufficient the defendants have or claim to have an interest in the property adverse to ours. Pomeroy's Civil Rem. (4 Ed.), sec. 161, p. 234; sec. 193, p. 279; sec. 196, p. 282; Lewis v. Hinson (1902), 64 S. C. 571; Andrews v. Carlisle (1894), 20 Colo. 370; 1 Pomeroy, Eq. Jur., sec. 245, p. 360. The owner of the legal title

to realty may maintain a bill to remove the cloud on title and for possession, without reference to the question of his possession. Pier v. Fond du Lac, 38 Wis. 470; Herren v. Knapp & Co., 72 Wis. 553; Krunzinski v. Menendorf, 99 Wis. 456; Davenport v. Stephens, 95 Wis. 456; Post v. Campbell, 110 Wis. 378; DeForest v. Thompson, 40 Fed. 377; United States v. Flowruoy Co., 69 Fed. 886; Dodge v. Griggs, 27 Fed. 160; Preteca v. Land Grant Co., 1 C. C. 607; 4 U. S. App. 326; 50 Fed. 677. Legal owner of a tract of land, which is divided in separate parcels and held by different persons may make them all parties to an action in ejectment, etc. Smythe v. New Orleans Co., 34 Fed. 385; affirmed 141 U. S. 656; San Francisco Co. v. Beideman, 17 Cal. 444; Chemical Co. v. Home Ins. Co., 51 C. C. A. Rep., 21; Smythe v. N. O. Canal & Banking Co., U. S. Rep. S. C., Oct. Term, 1890-91, 656; Blaisdell v. Belis, 68 Ga. 57. All having a common cause of action, and a common ground of relief, may join in the same bill. Michael v. St. Louis, 112 Mo. 610; Gartside v. Gartside, 113 Mo. 348. When the plaintiff bases his claim of equitable relief against several defendants on one general right, the petition is not demurrable for multifariousness, although the defendants may have separate and distinct defenses. Donovan v. Dunning, 69 Mo. 436; Reinhart v. Long, 95 Mo. 396; Boggess v. Boggess, 127 Mo. 396; Bobb v. Bobb, 76 Mo. 419; Coal Co. v. Coal Mining Co., 141 Mo. 157; Lane v. Dowd, 172 Mo. 167. This court has repeatedly held that the statute in question is to be liberally construed. If so, we take it, it was proper to join in one suit all the parties who were interested in the land in question, and who held adversely to plaintiffs. Huff v. Laclede Land & Imp. Co., 157 Mo. 65; Merriwether v. Love, 167 Mo. 514; Eminence Land & Mining Co. v. Land & Cattle Co., 187 Mo. 423; Ball v. Woolfolk, 175 Mo. 278; Wilson v. Lubke, 176 Mo. 210; Gardner v. Robertson, 208 Mo. 605.

*Jno. S. Leahy, Minor Meriwether, Lee Meriwether* and *Schnurmacher & Rassieur* for respondents.

(1) A suit cannot be maintained, either at law or in equity, against two or more persons, who have no common interest in the subject-matter of the litigation. And a suit under section 650, Revised Statutes 1899, against numerous defendants, each in possession of a separate and distinct parcel of the land sued for, claiming title to the same by reason of long-continued adverse possession, and disclaiming any interest in any other part of the land, cannot be maintained. Gardner v. Robertson, 208 Mo. 605; Hunton v. Platt, 11 Mich. 264; Illinois Steel Co. v. Schroeder (Wis.), 14 L. R. A. (N. S.) 239. Same principle: Hale v. Allinson, 188 U. S. 56; Ferguson v. Paschall, 11 Mo. 267; Sutton v. Casseleggi, 77 Mo. 397; Becker v. Stroeher, 167 Mo. 306; Mullen v. Hewitt, 103 Mo. 639. (2) Where the answers plead that the defendants have been in adverse possession of distinct parcels for more than ten years, and the reply simply denies the allegations of new matter, the plea of title by adverse possession must, upon the record, be taken as confessed; therefore, a judgment dismissing the petition is proper, because, manifestly, plaintiffs cannot recover in this action, if a superior title has been acquired by defendants by reason of their adverse possession. A reply which merely denies the allegations of new matter in the answers, will be disregarded. Young v. Schofield, 132 Mo. 650; Dezell v. Fidelity Co., 176 Mo. 253. (3) An application for leave to file an amended petition comes too late, if made after the court has already entered an order dismissing the case. Amendments after judgment can only be made ''in affirmance of such judgment.'' R. S. 1899, sec. 660. Nor can a party be heard to complain of the trial court's refusal to permit an amendment to be made, where the record fails to show what amendment was desired, or that the amendment

should have been permitted "in furtherance of justice." R. S. 1899, sec. 657.

GANTT, J.—This is an action under section 650, Revised Statutes 1899, to determine the title to a large tract of land in the city of St. Louis, described in the petition as all of United States Survey number 1583, as the same is recorded in survey record number four at page 45, in the office of the recorder of deeds of the city of St. Louis, State of Missouri, being a tract of land 385 feet wide and about 7,800 feet long, fronting on Finney avenue and running from a point about 400 feet east of Grand avenue westwardly. The action was brought against 498 defendants, all of whom, it is alleged, claim title adverse to the interest of the plaintiffs therein. Each of the 498 defendants filed a separate answer, pleading in substance:

1st.  A general denial.

2nd.  That each defendant claims only the particular lot by him specifically described; that he owns this lot in severalty, and that none of the other defendants claim any interest therein; wherefore, it is pleaded that plaintiffs cannot maintain this joint action.

3rd.  That the cause of action, created by section 650, accrued more than ten years prior to the institution of this suit, and that the same is barred.

4th.  That each defendant has been in adverse possession of his particular lot for more than ten years and has acquired title to same by adverse possession.

5th.  Defendants also plead the thirty-year Statute of Limitation.

Plaintiffs filed one reply to all the answers filed by defendants. In this reply plaintiffs "deny each and every allegation of new matter in said several answers contained, except, however, the averment in said several answers contained, to the effect that each of said several defendants claims 'to be the owner in fee

of the separate parcel or lot of ground or land embraced in the United States Survey No. 1583,' or words to that effect, but plaintiffs deny that said several defendants own such several tracts or parcels claimed by them.''

On June 15, 1908, the case came on for trial. At the outset, counsel for the plaintiffs, to facilitate a decision upon the matter pleaded in abatement, admitted broadly, if it was not already admitted by the reply, that each defendant claims in severalty the particular lot occupied by him, and makes no claim to any other part of the tract. Thereupon the defendants moved for judgment, upon the pleadings and admissions made by plaintiffs' counsel. The court sustained the defendants' motion and entered an order dismissing plaintiffs' petition without prejudice. After the court announced its decision, plaintiffs asked leave to amend, but when asked what amendment he wished to make, stated he was unable to say at that time. On the following day, the court made the order dismissing the petition without prejudice, thereupon counsel for plaintiffs asked leave to amend within thirty days. Defendants then objected to any amendments because the order dismissing the petition had already been made and the application came too late. This objection was sustained and plaintiffs excepted to the ruling, thereupon plaintiffs perfected their appeal to this court.

I.   The question presented by this appeal is, did the circuit court correctly rule that the petition was multifarious?  It is manifest from the statement that each of the 498 defendants, each claiming a separate and distinct parcel in the tract described in the petition, may have a separate and distinct and different defense from any other defendant. Conceding as plaintiffs did in the circuit court that each defendant claimed in severalty the particular lot occupied by him and made no claim to any other part of the tract described in the petition, and the petition not disclosing the na-

ture of the title or right by which the plaintiffs claim, it would seem that if there ever was a case in which the charge of multifariousness could properly be made, it is this case. The plaintiffs seek to justify upon the language of the statute itself which provides: "Any person claiming any title, estate or interest in real property . . . may institute an action against any other person or persons claiming to have any title, estate or interest in such property." [Sec. 650, R. S. 1899.] But section 651 must be read in connection with that section, and it provides: "The institution, prosecution, trial and determination of suits under this act shall conform in all respects to the provisions of the 'Code of Civil Procedure' now existing and be in force in this state concerning actions affecting real estate, and judgments rendered in such suits shall have the force and effect as therein provided." And under this Code, if a petition on its face shows a misjoinder of causes of action or of parties it is demurrable, but if these defects do not appear upon the face of the petition, then the objection may be taken by answer. [Sec. 602, R. S. 1899.] In this case as it did not appear upon the face of the petition that there was a misjoinder of causes of action, and parties defendant, the defendants took advantage thereof by their plea in abatement. While this court has been disposed to give a liberal construction to section 650, it has not countenanced a defiance of all the rules of good pleadings in its endeavor to uphold the statute. On the contrary, the last utterance of this court on this particular point clearly condemns the practice resorted to in this case. In Gardner v. Robertson, 208 Mo. 605, the action was under section 650, and this court said: "The petition is an omnibus pleading and on its face discloses a bundle of vices, viz., a misjoinder of plaintiffs, a misjoinder of defendants and a misjoinder of causes of action. . . . Defendants, as likewise disclosed by the petition, do not in every instance claim interests adverse

to plaintiffs in the same tracts of land; therefore a separate cause of action should have been brought against the different groups of defendants jointly interested, or severally claiming an adverse interest, in any one body of the land. Such being the case, the petition was bad, for that it improperly united several distinct and independent causes of action in one. The to-be-expected evil result followed, to-wit, a conglomeration of evidence thrown at the court and making a maze of uncertainty, wherein the judicial mind may grope as in a fog, unable to clearly apply the evidence to the issues, tracts, individual claims, etc.''

In Ferguson v. Paschall, 11 Mo. 267, Paschall had transferred shares of stock in various companies to plaintiffs, as collateral security. Thereafter, Paschall's interest in the shares was sold, upon execution sale, to various purchasers, and this bill was brought by plaintiffs against the several companies and the several purchasers, to compel the transfer of the shares to plaintiffs on the books of the corporations. And this court said: ''If this bill is not multifarious, it is hard to conceive a case in which that objection would lie. The stock of various companies was sold at different times to several purchasers, and a claimant of the stock sold seeks to litigate these distinct interests in one and the same suit. The multifariousness is twofold; first, as to the several companies; and second, as to the different purchasers of the stock. The principle of allowing a plaintiff to bring many defendants before the court, is, that he claims one common right against all, and therefore the court allows him to bring all persons disputing that right before the court, in one bill. . . . In the case of Brooks v. Lord Whitworth, 2 Mad. 57, a trustee divided a tract of land into lots, and sold them to six different purchasers; these, with the incumbrancers on the estate sold, were made parties to a bill for a specific performance. The chancellor in that case said: 'The court is always averse to

a multiplicity of suits, but certainly a defendant has a right to insist that he is not bound to answer a bill containing several distinct and separate matters relating to individuals with whom he has no concern. A decisive objection to this bill is that the purchases of the different lots are made by distinct persons, each agreement being separate and distinct.' In the case of Rayner v. Julian, 2 Dick., Lord KENYON puts this case: 'Suppose an estate is sold in lots to different persons; a plaintiff could not include them all in one bill for a specific performance, for each party's case would be distinct, and would depend upon its own peculiar circumstances, and there must have been a distinct bill on each contract.'"

Numerous other cases in this court illustrate this doctrine of multifariousness. [Sutton v. Casseleggi, 77 Mo. 397; Mullen v. Hewitt, 103 Mo. 639.] In this last mentioned case it was said: "There is no such common purpose or design alleged as will justify the holding of one set of these defendants in court while plaintiff is litigating with others over matters in which they are not even charged with any complicity. Our statute is liberal, but it will not authorize the indiscriminate blending of actions in which the defendants are not the same, and have no common interest with the plaintiff or each other." These adjudications of this court in our opinion are in harmony with well considered cases in other jurisdictions both State and Federal.

A very carefully considered opinion on this subject by the Supreme Court of Wisconsin in the Illinois Steel Company v. Schroeder, 133 Wis. 561, reviews the doctrine laid down by Pomeroy in his 1 Pom. Eq. Jur. (3 Ed.), secs. 246-248, in which that learned author states that in order to justify the bringing by one party against numerous defendants of one suit on the ground of preventing a multiplicity of suits, there

must exist among the individuals composing the numerous body, or between each of them and their single adversary, a common right, a community of interest in the subject-matter of the controversy, or a common title from which all their separate claims and all the questions at issue arise. It is not enough that, the claim of each individual being separate and distinct, there is a community of interest merely in the questions of law or of fact involved, or in the kind and form of remedy demanded. In the Wisconsin case, the language of the court is peculiarly apposite to the facts in this record. Said the court: "Here there is no such community of interest in the subject-matter as is recognized by Pomeroy, or a common title from which all the separate claims and all the questions at issue arise. Each defendant claims a separate and distinct tract of land from all others, and the subject-matter of his controversy is separate and distinct from the subject-matter of every other defendant. Nor does his right to recover depend upon a common title, from which all the questions at issue arise. Even assuming that each defendant claims through Muza, he is obliged to establish his right and title through himself and intervening grantors to Muza, and tack his adverse possession; and the fact that one or several defendants failed to make title by adverse possession, to a separate and distinct tract, would not necessarily establish that others could not make title as to other separate tracts, even though it be admitted Muza's possession was a common item in the proof." So in this case, the issue between the plaintiff and each defendant is whether that defendant has been in adverse possession for ten years of the particular lot claimed by him. Each defendant for himself has a separate and distinct issue with the plaintiff and one defendant is in no way concerned with the plaintiffs' issue with another or with any of the other numerous defendants. If the circuit court had entertained this petition and required the

defendants to proceed to trial, it is obvious that there would have been necessarily 498 causes of action and issues on trial and under our code of practice (Sec. 694, R. S. 1899) the judgment upon each of these separate trials would have awaited the trial of all of these issues. For instance, if the defendant Bock's case had been tried first, if he had succeeded in establishing his defense, there could have been no final judgment in his favor until the other 497 cases were disposed of, and on the other hand, if the plaintiffs had recovered against him as to his particular lot, he could not have taken an appeal to this court until all of the other 497 cases were tried. Such a condition of affairs would be manifestly so unjust that no court should tolerate it. In Hale v. Allinson, 188 U. S. 56, the Supreme Court of the United States in discussing the maintenance of an action like this on the ground that it prevented a multiplicity of suits said: "Manifestly, as it seems to me, the defendants have no common interest in these questions, or in the relief sought by the receiver against each defendant. The receiver's cause of action against each defendant is, no doubt, similar to his cause of action against every other, but this is only part of the matter. The real issue, the actual dispute, can only be known after each defendant has set up his defense, and defenses may vary so widely that no two controversies may be exactly or even nearly alike. If, as is sure to happen, differing defenses are put in by different defendants, the bill evidently becomes a single proceeding only in name. In reality it is a congeries of suits with little relation to each other, except that there is a common plaintiff, who has similar-claims against many persons."

Counsel have very happily defined this petition and proceeding to be one to avoid the *multitude* of suits, but not a *multiplicity* of suits within the meaning of that phrase as used in equity jurisprudence. Without further elaboration, we think the bill was

clearly multifarious and when plaintiffs' counsel admitted on the trial, as he did, that each defendant claimed his lot or tract in severalty and made no claim to any other part of the tract described in plaintiffs' petition, the circuit court very properly sustained the motion for judgment upon the pleadings and admissions of the plaintiffs.

The only other question involved in the record is the propriety of the action of the circuit court in refusing to permit plaintiffs to amend. In view of the fact that plaintiffs did not indicate to the court the character of the amendment they desired to make, but demanded thirty days in which to determine what they would do, it is plain we think that the circuit court cannot be adjudged guilty of error in refusing permission to amend. Moreover, we think the application for leave to amend came too late after the judgment of dismissal had been entered.

The judgment of the circuit court is affirmed. *Valliant, C. J., Burgess, Fox, Lamm, Woodson* and *Graves, JJ.,* concur.