GEORGIA BAKER v. BENNETT AUTO SUPPLY COMPANY and T. A. BENNETT, Appellants.

**Attachment:** WRONGFUL ISSUANCE: LIABILITY ON BOND. Although the debt may be due an attaching creditor still he will be liable on the attachment bond if the grounds alleged for the issuance of the writ are untrue and he had no reasonable grounds for believing them true.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

Action on an attachment bond. Verdict and judgment for plaintiff. The defendants appeal. *Affirmed.*

*Jepson & Jepson* and *Pitkin & Smith,* for appellants.

*George W. Kephart* and *J. W. Hallam,* for appellee.

Sherwin, C. J.—The Bennett Auto Supply Company brought an action against the plaintiff herein in justice court, in which action a writ of attachment was issued and levied on an automobile belonging to this plaintiff. The appellee filed a counterclaim in that action, and upon the trial of the whole case recovered a judgment against the Auto Company for a substantial sum. This action was afterwards brought on the attachment bond, and a recovery had. The grounds alleged for the issuance of the writ were that the said Georgia Baker was a nonresident of the state of Iowa; that she was about to remove her property out of the state without leaving sufficient remaining for the payment of her debts; that she was about to remove permanently out of the county, and had property therein not exempt from execution, and that she refused to pay or secure the plaintiff; and that she was about to remove permanently out of the state, and refused to pay or secure the debt due the plaintiff. The plaintiff herein alleged in her petition that she was a resident of Sioux City, Iowa, at the time the attachment was issued and levied, and that all of the other grounds alleged for the issuance of the writ were untrue, and that the Auto Company had no reasonable grounds for believing any of them to be true. She also alleged that nothing was due the Auto Company from her when the writ was issued and the levy made thereunder.

Some complaint is made of the rulings on the admis-

sion of testimony, but we find nothing of a serious or prejudicial nature in such rulings. The main contention is that the judgment should be reversed because the plaintiff practically admitted during the trial that she was indebted to the defendant in a small amount. It is true that she made statements which the jury might have taken as such an admission, but the court instructed on that branch of the case fully. Even if the jury found that she was indebted to the defendant, that would not determine the case. There was evidence tending to show that none of the grounds of the attachment were true, and that the defendant had no reasonable cause for believing them to be. true. Even if the debt be due the attaching creditor, he is liable on his bond if the writ is wrongfully sued out. The statutory grounds alleged were fully covered by the court's instructions, and we see no ground for a reversal of the judgment because of the plaintiff's alleged admission. The judgment is *affirmed*.