CHARLES LOUIS TREFNY, Appellant, v. WILLIAM EICHENSEER et al.

**Division. One, December 2, 1914.**

1. **MISJOINDER: Several Causes.** The statute (Sec. 1795, R. S. 1909) provides that several causes of action may be united in the same petition, whether they be legal or equitable or both, where they arise out of the same transaction or transactions connected with the same subject of action, but the causes so united must all belong to one of the classes mentioned in the statute, and "must affect all the parties to the action."

2. ————: ————: **Different Counts: One Against All: The Other Against Some.** Where there are two counts joined in a petition, the petition is demurrable unless each count affects all the parties to the action. Where the first count of a petition is a bill in equity seeking relief against five defendants in clearing title to real estate and preventing threatened execution sales calculated to wrongfully cloud the title, charging a conspiracy among them designed and intended to depress the value of plaintiff's property, and to extort money from him, and asking for a trial before the chancellor, and the second count, confessedly arising out of the same transaction, asks for damages against three of the same defendants for acts done in furtherance of a malicious conspiracy to injure

plaintiff, and demands a trial by jury after plaintiff's equitable relief prayed for in the first count has been granted, the petition is demurrable, in that it is violative of the statute which declares that different causes of action united in the same petition "must affect all the parties to the action."

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*F. W. Imsiepen* and *Andrew J. Haverstick* for appellant.

A complaint will be regarded as stating but one cause of action although it may pray. for many and various forms of relief where they are all germane to the vindication of a single primary right.'' Kelly v. Hurt, 61 Mo. 463; Lincoln v. Rowe, 51 Mo. 571. ''Since a bill is single and does not misjoin different causes, so long as its object is the complete enforcement of one general right, the fact that different defendants have distinct interests or liabilities with reference to that right does not render a bill multifarious.'' Kelly v. Hurt, 61 Mo. 463; Lincoln v. Rowe, 51 Mo. 571; 16 Cyc. 252, note 16; 1 Story, Equity Jur. (9 Ed.), p. 377, sec. 400. ''If the bill presents a common point of litigation decisive of the entire matter, it is not multifarious, although the interests or liabilities of defendants are unconnected except by such common question.'' Martin v. Martin, 13 Mo. 36. ''A bill is not multifarious merely because each defendant's interests do not extend to all the matters of a bill with a single general object. It is sufficient if each defendant is interested in some matter involved which is connected with the others.'' 16 Cyc. 251, note 34; Truss v. Miller, 116 Ala. 494; Booth v. Stamper, 10 Ga. 109; Worthy v. Johnson, 8 Ga. 236; Lenz v. Prescott, 144 Mass. 505; Curran v. Campian, 85 Fed. 67.

*George W. Lubke, George W. Lubke, Jr.,* and *Frank X. Hiemenz* for respondents.

We have a petition containing two counts attempting to state two causes of action, growing out of the same state of facts, one equitable and the other legal, the first of which affects all the parties to the suit and the second of which affects only a part of the parties to the suit. That this is not permissible under the statute is well settled. The statute permits as many causes of action, legal or equitable, or both, arising out of the same transaction to be joined in one petition only in the event that they affect all the parties to the action. The causes of action attempted to be stated in the petition in the case at bar, while they grow out of the same state of facts, do not both affect all the parties to the action and therefore they cannot be joined in the same petition. R. S. 1909, sec. 1795; Beattie Mfg. Co. v. Gerardi, 166 Mo. 156; Liney v. Martin, 29 Mo. 28; Doan v. Holly, 26 Mo. 186.

LAMM, J.—Cast below on several joint and separate demurrers, plaintiff stood on his petition, refused to plead over, suffered judgment and appeals.

The demurrers on which plaintiff was made to go out of court have a common ground reading: "That several causes of action have been improperly united" in said petition. That is a statutory ground of demurrer—the fifth. [R. S. 1909, sec. 1800.] Our statutes prescribe rules for uniting causes of action in the same petition. One of them is that a "plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: First, the same transaction or transactions connected with the same subject of action. . . . But the causes of action so united must all belong to one of these

classes, *and must affect all the parties to the action.*"
[R. S. 1909, sec. 1795.]

Defendants maintain that the petition is obnoxious
to the statutory rule just announced; hence the demur-
rers being levelled at that contention, it presents the
single question in the case.   Attend to the record:

Plaintiff, claiming to own certain valuable real
estate in the city of St. Louis, filed his bill in equity
against certain named defendants (to-wit, four, Eich-
enseer, Ammen, Charles *William* Trefny, and Nolte,
sheriff) and in aid of the bill sought and got against
all the defendants a temporary injunction before the
return term, restraining an alleged wrongful execution
sale of said real estate.   To that bill he added a second
count at law which prayed damages, $5000 compen-
satory, and $5000 by way of smart money for malicious
wrongs in the premises.   This count at law in set terms
involved only *two* of the defendants, Eichenseer and
Ammen.

Presently, before the return term, he filed what
he called his "first amended and supplemental peti-
tion," bringing in a new party defendant, Eyerman,
and asked a temporary injunction against him to re-
strain the sale of the same real estate under another
execution and prayed additional relief not material
here.   In this "supplemental and amended petition"
he added against three of the defendants, to-wit, Eich-
enseer, Ammen and Eyerman, a count in damages at
law on the same transaction pleaded in the first or
equity count and on transactions connected with the
same subject of action, laying his damages at $14,000,
divided between compensation and smart money half
and half.   As we understand this record, a temporary
injunction issued against the new party, Eyerman, and
sheriff Nolte.

Presently, at the return term plaintiff dismissed
one of the then defendants, Charles William Trefny,
and by leave filed what he called a "second supple-

mental petition'' and by the same token brought in a new party, Pearl Byrnes. This latter petition is the one challenged by the demurrers and thereby plaintiff plants himself upon the grounds where he wishes to pitch his forensic battle. It is too long to copy and we give our estimate of it, thus: It is in two counts—the first, a copious bill in equity seeking relief in clearing title to real estate and preventing threatened sales calculated to wrongfully cloud the title; the second, a suit at law for damages. The first brings forward the various allegations in the former petitions, connects Eichenseer, Ammen and Eyerman as co-conspirators to a common wrongful intent and design and adds new averments connecting Pearl Byrnes with the subject of the cause of action. As said, in its general scope the object of the bill was to enjoin certain levies and threatened sales under executions against the father of plaintiff (said Charles William Trefny), which said executions were levied as hereinbefore mentioned on valuable real estate claimed by plaintiff in the city of St. Louis. It runs on the theory these levies were wrongful and malicious, the product of conspiracy and were intended to depress the value and clog the alienation of plaintiff's property by casting a cloud on his title, etc., etc., and to extort money from him. The bill further averred that defendants had been successful in making one sale under a similar execution and that defendant Byrnes had bought at such sale for and on behalf and as a ''tool of'' certain of her codefendants named and received and recorded a sheriff's deed purporting to convey the property as that of a third person, to-wit, defendant's said father. The bill also seeks to remove the cloud of that sale and the record of that sheriff's deed and asks general relief. The second count confessedly arises out of the same transaction or transactions connected with the same subjects of action and asks $10,000 in damages for acts he characterizes as libels on his title, acts done in furtherance

of a malicious conspiracy to injure plaintiff. That there may be no question that such is the fact, plaintiff in his brief does not deny that his damages arise out of the same transaction complained of in his first count, and in his petition he solemnly demands separate trials on the two counts; the first to a chancellor, and the other to a jury after plaintiff's equitable relief in the first count has been awarded.

Now, the parties against whom equitable relief is sought in this challenged petition are Eichenseer, Ammen, Eyerman, Nolte and Byrnes, while in set terms (speaking *ipsissimis verbis*) the parties to the count at law are the three first, to-wit, Eichenseer, Ammen and Eyerman.

On such a record it is clear that the ruling on the demurrer was well enough, if, by heeding, we give effect to the command of the statute, supra, to-wit, that "the causes of action so united . . . must affect all the parties to the action," and to the construction put upon it by this court.

With praiseworthy industry counsel for appellant have marshaled an array of authorities which, on one or another angle, lend countenance not only to the right of plaintiff to specific relief in equity, but to damages at law as well, on facts such as alleged in his pleading. Now, if opposing counsel were attacking the petition for that it did not state a cause of action, then these authorities would stand to be reckoned with; but they do not do that. Instead they attack the petition in another quarter by pointing to one statute making the improper joinder of causes of action in the same petition a ground of demurrer, and by pointing to another denouncing a joinder unless the causes so joined "affect all the parties to the action." The trial judge was charged with the duty of enforcing those statutes on demurrer and learned counsel were charged with the duty of complying with them in bringing his suit. So far as we know it has always been the rule of de-

cision in Missouri, in construing the statutes in judg-
ment, that A could not join a cause of action against
B, C and D in one count and against C, or C and D
in another. ''Notwithstanding the great liberality of
the present practice act in relation to the joinder of ac-
tions, it is conceived that there is nothing contained in
it which gives the slightest sanction to the joining of
actions in which the defendants are not the same, not
in part but in the whole.'' [*Per* SCOTT, J., in Doan v.
Holly, 25 Mo. l. c. 359.] Judge SCOTT puts the reason
of the rule upon the possible liability for costs in the
Doan-Holly case, and the oppression springing from
that view of it. In Liney v. Martin, 29 Mo. 28, the
same conclusion was reached on the construction of
the wording of the statute without attempting to estab-
lish or aid the rule by referring to reasons underlying
it. This course, in dealing with statutes, is a sound
rule of construction where there is no ambiguity in
language—the applicable maxims being: *Ita lex
scripta est;* and the other, The will (of the lawmaker)
stands in place of reason—*Stat pro ratione voluntas.*
So, in Beattie Mfg. Co. v. Gerardi, 166 Mo. l. c. 156, it
was held (on the authority of the Doan-Holly and
Liney-Martin cases) that where there are two counts
joined in a petition, the petition is demurrable unless
each count affects all the parties to the action. In
Scott v. Taylor, 231 Mo. l. c. 668, the doctrine of the
Beattie-Gerardi case, supra, was construed to be ''that
the joinder of matters not affecting all of the parties
is impossible.'' In Mann v. Doerr, 222 Mo. l. c. 12, the
question was in judgment and the reason underlying
the statutory provision was said to be the confusion
entering through any other door and the common bur-
dens of defense, inequitably put upon litigants.

By parity of reasoning, in the latter aspect of the
case, the reasons underlying the rule against multifa-
riousness are in point. To illustrate: Under our code
there can be but one final judgment, no matter how

many issues are framed in several counts. "The judgment upon each separate finding shall await the trial of all the issues." [R. S. 1909, sec. 1971.] Agreeable to that theory is section 2097, *Ibid.* Now, when different causes of action are bundled in one petition in separate counts, which do not affect all the parties, it results that hazards, inconveniences and other burdens are put upon litigants in the matter of appeals and steps incident to appeals, on points where on final judgment the shoe pinches one or another litigant or one or another group of litigants which are unfair and oppressive. Assuming (as is the case) there can be no appeal except from the final and only judgment on all counts, why should parties not interested in the second count, be bound to dance attendance or cool their heels in court awaiting the vicissitudes or delays in final judgment on the second count over which they have neither concern nor control, before they can take steps to be relieved from an adverse finding and judgment on the first count? If all the parties are the same in both, this sharp inconvenience and hazard are absent. They become but usual incidents to the litigation. Otherwise, otherwise. Peradventure, in litigation the eye of the lawmaker has not rested exclusively on the welfare and convenience of *plaintiffs*. It has blandly rested as well upon the welfare and convenience of *defendants*. Why not? Plaintiffs go into court of choice; defendants are lugged in—pulled in by the ears. Agreeable to those views is the reasoning of such cases as Chaput v. Bock, 224 Mo. 73, and Peniston v. Pressed Brick Co., 234 Mo. 698, which, not unprofitably, the curious may consult.

Each and all the premises in mind, the judgment should be affirmed. It is so ordered. All concur; *Bond, J.,* in result.