WILSON ET AL. *v.* BROADLICK.

[No. 13,697. Filed December 20, 1929. Rehearing denied February 28, 1930. Transfer denied May 22, 1930.] ·

*Henry M. Dowling,* for appellants.
*Howard M. Meyer* and *Earl J. Askren,* for appellee.

NICHOLS, J.—Action on a note executed by appellants, dated August 5, 1927, and maturing March 24, 1928. This note, together with the personal check of appellant Harold G. Wilson, dated October 5, 1927, and $100 in cash, was given in payment of a prior note for $1,000 executed by both appellants on June 30, 1926, which last-mentioned note was given in part payment of a bakery equipment and business purchased by appellants on the last-mentioned date.

Appellants, by way of answer and counterclaim, undertook to defend against the note on the ground of breach of warranty in the bill of sale of the bakery equipment, to the effect, as appellants contend, that the respective items of property sold were of the value indicated opposite each item, when, in fact, such items were not of the value so indicated. But there is no warranty of values in the bill of sale, and the court properly so found.

We observe that the check mentioned above is the basis of another action, a companion case, now pending on appeal in this court, and appellants, contending that the court erred in overruling their respective motions to set aside the judgment, and to dismiss the action, for want of jurisdiction of the municipal court over the subject-matter, say that such note and check were mere evidence of portions of the original

transaction, that they should have been combined for suit in one action, and further contend that, when so combined, the municipal court would not have jurisdiction for the reason that the court's jurisdictional limit would thereby be exceeded. It is to be kept in mind that the note in suit was executed by both appellants, while the check was signed only by appellant Harold G. Wilson. That actions on such instruments cannot properly be joined is well settled. *Tobin* v. *Connery* (1859), 13 Ind. 65; *Baker* v. *McCoy* (1877), 58 Ind. 215; *McMahan* v. *Western Union Tel. Co.* (1923), 209 Ala. 319, 96 So. 265; *Continental, etc., Co.* v. *Yuma Nat. Bank* (1918), 20 Ariz. 13, 176 Pac. 572; *Jamison* v. *Culligan* (1899), 151 Mo. 410, 52 S. W. 224; *Tackaberry* v. *Sioux City Service Co.* (1911), 154 Iowa 358, 132 N. W. 945, 134 N. W. 1064, 40 L. R. A. (N. S.) 102, Ann. Cas. 1914A 1276; *Board of Supervisors* v. *Jones* (1912), 103 Miss. 602, 60 So. 655; *Trefny* v. *Eichenseer* (1914), 262 Mo. 436, 171 S. W. 930; *State* v. *Kruttschnitt* (1868), 4 Nev. 178; *Claremont Bank* v. *Wood* (1840), 12 Vt. 252. The court did not err in overruling appellant's respective motions challenging the jurisdiction of the court.

Judgment affirmed.