JOHN MCKEE et ux. *vs.* JOHN B. KENT, Executor, &c.

The wife may, as the agent of the husband, make a contract to bind him, but in
such a case it must be declared on as his, and not as the wife's contract.
When two or more persons are sued in the same action, all the counts in the
declaration must show a cause of action against all sued, otherwise it will be
defective.
The contract in the declaration is averred to have been made in the year 1845,
by defendants, and the act of 1846, regulating contracts made by married

women, does not apply to this case. *Held,* that the plea of coverture shows that the note was void.

In error from the circuit court of Clarke county; Hon. A. B. Dawson, judge.

The facts of the case will be found in the opinion of the court.

*Steele,* for plaintiffs in error.

*Wm. B. Trotter,* for defendant in error.

Mr. Justice Fisher delivered the opinion of the court.

This was an action of assumpsit, brought by the defendant in error as executor of Alexander Trotter, deceased, in the circuit court of Clarke county, against John McKee and wife, on a promissory note made by the said Martha McKee, in December, 1845, for $70. The declaration also contains a count for goods, &c., sold to the defendants in the action. The defendants filed two pleas, the general issue and coverture. To this last plea the plaintiff replied, that the consideration of the note was a certain horse, sold to the said Martha; that she was at the time the owner of a certain plantation and slaves; and that the horse was necessary for the cultivation of her farm, &c. To this replication the defendant filed a demurrer, which was sustained by the court; the cause was then submitted to a jury, who found a verdict for the plaintiffs, upon which the court rendered a judgment.

The judgment of the court in overruling the demurrer, constitutes the error complained of.

The first count in the declaration shows no liability whatever against John McKee. The averment is that Martha McKee made her promissory note, &c.; and it is not shown that she was at the time the wife of John McKee, and made the note as his agent, or that John McKee was in any manner liable on the note. The wife may, as the agent of the husband, make a contract to bind him; but in such case it must be declared on as his, and not as the wife's contract. The second count sets forth a joint cause of action against the defendants. When two are

sued in the same action, all the counts in the declaration must show a cause of action against both, otherwise it will be defective.

This brings us to the question arising on the demurrer. The plaintiff must recover upon the declaration, and not upon his replication. The declaration shows a contract made in December, 1845; consequently the statute of 1846, regulating contracts to be made by a married woman, does not apply. The plea of coverture shows that the note was void. The replication contains no matter which shows it to be valid. The judgment of the court was, therefore, erroneous.

The demurrer should have been extended to the first error in the record, namely, the declaration, and as to it sustained.

Judgment reversed; demurrer to the replication sustained as to the declaration; leave to plaintiff to amend declaration, and cause remanded.