Owens et al. *v.* Gulf & Ship Island Railroad Co.

[79 South. 348, Division B.]

Action. *Misjoinder. Effect.*

In a joint suit against a railroad company and the physician in charge of its hospital for the death of an employee, a declaration charging that the 'deceased, an employee of the defendant railroad company, was required to contribute to the maintainance of defendant's hospital which, employed the defendant physician, and that when injured, deceased was taken to the hospital, and as a result of malpractice of the physician, and negligence of the officers of the hospital he died, did not state a cause of action which was joint and several, but was demurrable for misjoinder of defendants, since as to the railroad company it was based on contract and as to the other defendant on tort.

Appeal from the circuit court of Covington county. Hon. W. H. Hughes, Judge.

Suit by Josephine Owens and others against the Gulf & Ship Island Railroad Company. From a judgment sustaining the demurrer to the declaration as to the named defendant and defendant Dr. T. E. Ross and overruling the demurrer as to the defendant Hattiesburg Hospital, the plaintiffs appeal.

Josephine Owens and others, plaintiffs, filed this suit in the circuit court of Covington county against the Gulf & Ship Island Railroad. Company, the Hattiesburg Hospital, and Dr. T. E. Ross, defendants, demanding damages in the sum of fifty thousand dollars. Plaintiffs' declaration was demurred to by the defendants, and that demurrer was sustained by the lower court. The plaintiffs then filed an amended declaration containing four counts. The first count is as follows:

"Comes plaintiff Josephine Owens, for herself and as next friend to her minor children, viz.—— Owens and —— Owens and —— Owens, and complains of the

Gulf & Ship Island Railroad Company, a corporation, the Hattiesburg Hospital, a corporation, and Dr. T. E. Ross, a physician and surgeon, of Hattiesburg, Forrest county, Mississippi, in an action of damages, and alleges the following facts:

"That plaintiffs are citizens of Smith county, Mississippi, and said Josephine Owens is the widow of Lonnie Owens, deceased, and said minor children are the children of said deceased, who died intestate about the 5th day of January, 1915; Plaintiffs being the sole heirs of said deceased, Lonnie Owens.

"That defendant Gulf & Ship Island Railroad Company is a railroad corporation, organized and incorporated under and by virtue of the laws of the state of Mississippi, and as such corporation owns a main line of railroad track extending from Jackson, Mississippi, through all the counties necessary on its route, including said Covington county, Mississippi to Gulfport Mississippi, with a branch line of railroad track extending from Saratoga, Mississippi, to Laurel, Mississippi; that in said Covington county, Mississippi, are stations, with agents and employees of said defendant therein, on whom process can be served.

"That said defendant railroad company also owns the rolling stock on its said railroad line, with all the necessary appliances, including passenger and freight trains and cars, boilers, engines, and all things necessary for carrying on a general railroad business, and is now and has been long prior to this time a common carrier, engaged in a general railroad business, operating its passenger and freight trains and cars propelled by steam, transporting passengers and freight for pay over the railroad line aforesaid.

"That defendant Hattiesburg Hospital is a corporation organized and incorporated under the laws of the state of Mississippi, domiciled at Hattiesburg, Forrest county, Mississippi, with officers and agents therein on

whom process can be served, and is engaged in surgical attention and treatment to the sick and wounded, who go or are carried there for such treatment; its officers, directors, and stockholders being the officers, agents, and employees of the defendant Gulf & Ship Island Railroad Company.

"The defendant T. E. Ross is a resident citizen of Forrest county, Mississippi, and is the physician and surgeon of the defendant Hattiesburg Hospital, and the general manager and superintendent of the said hospital; also the employee of both the defendants Hattiesburg Hospital and the Gulf & Ship Island Railroad Company. That the said T. E. Ross is a careless, reckless, unskilled, and incompetent surgeon and physician, and has been guilty repeatedly of malpractice as such physician and surgeon, all of which is and was well known to the defendant Gulf & Ship Island Railroad Company, long prior to this date, and long prior to the date when Lonnie Owens, deceased, was carried by the defendant Gulf & Ship Island Railroad Company to the defendant Hatties- burg Hospital and turned over to the defendant T. E. Ross for treatment for a gunshot wound, who was then and there the employee of the other two defendants as aforesaid.

"That for some time prior and up until the 24th day of December, 1914, Lonnie Owens, deceased, was an employee of the defendant Gulf & Ship Island Railroad Company as a section foreman on the Laurel branch of the said defendant railroad line aforesaid. That on said 24th day of December, 1914, while an employee of the defendant aforesaid, the said Lonnie Owens, deceased, husband and father of the plaintiffs herein, was accident- ally shot with a shotgun by his brother at or near his home in Smith county, Mississippi, on said branch of said defendant's railroad line aforesaid.

"That the contents of the load from said shotgun, so in the hand accidentally discharged by his brother,

entered the right side and arm of said Lonnie Owens, deceased, and inflicted a painful, but not fatal wound, and with the necessary medical and surgical attention and treatment from a skilled and competent physician and surgeon the said deceased would have soon recovered from the said wound so inflicted.

"That in a few hours after the said Lonnie Owens, deceased, had been wounded as aforesaid, and after a local physician had temporarily treated his said wound, sufficient only to prevent the blood from flowing from his said wound, and by placing medicated gauze thereon to give temporary relief, until he could be transported to some place for permanent examination and treatment, the said defendant Gulf & Ship Island Railroad Company, with its passenger train, came and took charge of the said wounded man, and carried him on said train, away from his family and people and family physician, to the defendant Hattiesburg Hospital, with the pretense of giving him treatment, and there turned him over to the defendant Dr. T. E. Ross for surgical and medical treatment for the wound aforesaid, knowing at the time that deceased was greatly in need of surgical and medical treatment by a skilled and competent physician and surgeon. That by the so taking charge of said wounded man for treatment, as aforesaid, the said defendant railroad company took upon itself the legal duty of treating or causing to be treated, said deceased, in his wounded condition, with common humanity.

"That the defendants, and all of them, well knew, when said deceased, the husband and father of plaintiffs, was so carried and delivered to said hospital and to said T. E. Ross, the manager thereof, that he then and there was greatly in need of skilled medical treatment and surgical work done for his said wound; yet, notwithstanding this knowledge of the needs of deceased, and his repeated requests and begging of the defendants, each and all of them, to

comply with their legal obligations to him, to treat him with common humanity, still, in strict violation of their duty the defendants and each of them then and there owed deceased, they and all of them permitted a period of ten days to elapse, with the deceased on bed in said hospital, and neither cleaned out, washed, and treated said wound, nor even examined same, to ascertain what was therein, or what treatment was required or necessary, notwithstanding deceased was suffering intense pain and agony during this time, and said deceased during said time pleaded and begged said defendants each and all of them to carry out their said duty, obligation, and requirement, and give him medical treatment and surgical aid for his said wound.

"That during the time that deceased was so in said hospital, under the control and management of the defendant T. E. Ross, suffering as aforesaid, after deceased had been therein some four or five days without attention and treatment as aforesaid, deceased notified the defendant Gulf & Ship Island Railroad Company that the defendant Hattiesburg Hospital and the defendant Dr. T. E. Ross were not giving him any treatment or attention whatever, and that he was suffering greatly, and very badly needed medical treatment and surgical aid, and without such treatment he could not live; still, with this notice before the agents and employees, in authority, of the said defendant Gulf & Ship Island Railroad Company, it was passed by said defendant railroad company, without causing any attention or treatment given to deceased whatever.

"Plaintiffs allege that all the treatment or attention that was ever accorded deceased while so in said hospital, under the control and management of the said T. E. Ross as aforesaid, was the taking off of the bandage placed on his said wound before leav-

ing home, and the placing of another medicated cloth
or gauze thereon. That by reason of the careless,
reckless, and gross negligence of the defendants, and
each and all of them, in not treating deceased's
wound as aforesaid, and the willful and malicious
malpractice on the part of defendant Hattiesburg
Hospital and the defendant T. E. Ross, all of which
willful and malicious malpractice was well known to
the defendant Gulf & Ship Island Railroad Company,
that septicæmia and putrefaction set up in the un-
washed and uncleaned wound of deceased while so
in said hospital, and under the control and manage-
ment of the said T. E. Ross. That while in this
condition, deceased's pain and suffering became al-
most unbearable by man, and was directly and approx-
imately caused by the careless, reckless, and gross
negligence of the defendants, each and all of them,
and their willful and malicious malpractice, which
was well known to each and all of the defendants
as aforesaid.

"Plaintiffs allege that, after deceased had remained
in the said hospital for said period of ten days
without treatment of any kind whatever as afore-
said, and after he had pleaded with the defendant
Hattiesburg Hospital and the defendant T. E. Ross
to treat his said wound as aforesaid, and after he
had notified the defendant Gulf & Ship Island Railroad
Company that he was not receiving any treatment from
said hospital and said Ross for his said wound as
aforesaid, that deceased, in a semidelirious condition
left said hospital and started to Laurel, Mississippi,
to another hospital, to have his said wound treated
by skilled and competent physicians and surgeons,
but became delirious on the way and could not reach
said hospital at Laurel without the aid and assis-
tance of others, all of which time deceased was suffer-

ing intense pain and agony, caused by the acts of the defendants herein as aforesaid.

"Plaintiffs allege that on account of the careless, reckless, wanton, and gross negligence of the defendants, each and all of them, as aforesaid, and the willful, hard-hearted, and malicious malpractice of the defendants as aforesaid, and their wanton breach of duty and legal obligation to deceased, in their said failure to properly treat said wound, as it was their legal duty to so do, or to dress same and clean said wound, and to remove the shotgun packing and parts of torn clothing blown into his body and arm by said shotgun, at the time he was so wounded, causing thereby septicæmia and putrefaction in said wound, which caused tetanus to set up in same, from which the said Lonnie Owens, husband and father of plaintiffs, died in a very short time, in great pain and agony.

"Plaintiffs allege that said Hattiesburg Hospital is maintained and kept in existence by the defendant Gulf & Ship Island Railroad Company, and to do this said railroad company, without authority from its employees, deducts monthly, from each of its great number of employees, fifty cents, seventy-five cents, and one dollar and twenty-five cents for hospital purposes, and through its auditor turns said amount of deduction over to said Hattiesburg Hospital to maintain same, for the use and benefit of the defendant Gulf & Ship Island Railroad Company.

"Plaintiffs further allege that said gunshot wound was not a fatal wound, and that deceased did not die from the same, but died purely from the neglect of the defendants as aforesaid: That, had deceased been treated with skillful medical and surgical treatment, as he was then and there entitled to, his said wound would have promptly recovered, but that he was not given medical treatment, surgical treatment,

or any other kind of treatment necessary for his recovery; that defendants, each and all of them, knew or could have known by due diligence that deceased greatly needed skillful medical and surgical attention and treatment, and defendants and each of them well knew, or could have known by the slightest degree of diligence, that without such treatment death would be the result.

"Plaintiffs allege, further, that the said death of their husband and father was a great strain on them, both mentally and physically, and that they lost their husband and father, his companionship, pleasure, and support, for life; that he was a young man, twenty-nine years of age, and had a long life of expectancy before him, and a long companionship with plaintiffs; and that he left at his death these three small children without support and protection, to plaintiffs' very great injury and damage, in the sum of fifty thousand dollars.

"Wherefore plaintiffs sue, and demand judgment against said defendants for said sum of fifty thousand dollars and all cost."

This first count gives a pretty clear idea as to the grounds upon which the plaintiffs base their demand, and does not differ widely from the other three counts of the amended declaration. The defendants demurred to the amended declaration, and as grounds for their demurrer assigned the following:

"First. Because the amended declaration charges no cause of action against either of the defendants.

"Second. Because the amended declaration, in one and the same count, attempts to charge negligence arising *ex contractu* and *ex delicto,* in that it seeks to charge the defendant Gulf & Ship Island Railroad Company with a breach of contract, while the other defendants are sought to be charged with the commission of a tort.

"Third. Because, as between the defendant Gulf & Ship Island Railroad Company and defendant Hattiesburg Hospital and Dr. T. E. Ross, the relationship of master and servant, or principal and agent, does not and cannot exist, and there is an improper joinder of said parties in one and the same count.

"Fourth. Because said declaration attempts to charge antagonistic causes of action in one and same count, in that it seeks to charge defendant railroad company with a violation of a nondelegable duty, while in the same count it undertakes to charge a tort committed on the plaintiffs' intestate by the intestate's coservants.

"Fifth. Because said declaration, nor either count thereof, charges any concurrent act of negligence on the part of all the defendants.

"Sixth. Because said declaration seeks to charge the defendant Gulf & Ship Island Railroad Company with employing incompetent servants, but does not undertake to allege any fact or facts constituting incompetency on the part of the servant, but merely pleads conclusions of the pleader.

"Seventh. Because said amended declaration shows that, if the defendant Gulf & Ship Island Railroad Company owed plaintiffs' intestate any duty at all, it was under a contract, and that, if the defendants Hattiesburg Hospital and Dr. T. E. Ross are liable to plaintiffs for anything whatever, it would be on account of a tort committed long after the making of the contract, and the breach of the same, if any occurred, between plaintiffs and defendant Gulf & Ship Island Railroad Company, and each one would constitute separate action at law, and plaintiffs, therefore, cannot combine the two distinct actions, one being against one defendant, the other being against two of the defendants, in one and the same suit.

"Eighth. Because said declaration specifically charges that defendants T. E. Ross and the Hattiesburg Hospital were agents of the defendant Gulf & Ship Island Railroad Company, and attempts to allege against said defendants T. E. Ross and Hattiesburg Hospital nonfeasance in office, and does not charge said alleged agents with misfeasance, or active wrongs, and therefore said T. E. Ross and Hattiesburg Hospital, not being charged with active wrongs, would not be liable to the plaintiffs for anything under the law, as under the law they would only be liable to their master, and not to third persons, where they were not guilty of any active wrong.

"Ninth. And for other causes to be assigned at the hearing."

The defendants' demurrer was by the lower court sustained as to the Gulf & Ship Island Railroad Company and Dr. T. E. Ross, and overruled as to the Hattiesburg Hospital.

*J. J. Stubbs,* for appellant.

The contention of appellees, that the amended declaration undertakes to charge actions arising *ex contractu* and *ex delicto* is wholly untenable. A reading of the amended declaration shows conclusively, that the action in the case at bar, is one in tort and not on contract. Besides in this class of cases one may waive the contract and sue in tort, just as was done in this case. *Herrin* v. *McCaughan,* 32 Miss. 17; *Railroad Co.* v. *Hurst,* 36 Miss. 660; *Waters* v. *Mobile & O. R. Co.,* 74 Miss. 539, 21 So. 240.

Where a railroad company assumes the care of even a trespasser, who has been injured by its cars, it takes upon itself the duty of treating him with common humanity. *Dyche* v. *V. S. & P. R. R. Co.,* 79 Miss. 361.

Again by reading the second count of the amended declaration it will be seen that appellee, railroad company, turned this wounded man over to a creature and servants of itself, hence, deceased was never out of the care of appellee railroad company, until after the expiration of ten days and until after the disease which caused his death, had set up from its neglect of treating him with common humanity, a duty which it had taken upon itself to do. These facts admitted, which is done by the general demurrer, there can be no legal escape from liability. Allegations of a pleading must be taken as true on demurrer thereto. *Correro* v. *Wright,* 93 Miss. 306, 47 So. 379; *Delano* v. *Holly-Mathews Mfg. Co.,* 47 So. 475; *Globe & Rutgers Fire Ins. Co.* v. *Fireman Fund, Ins. Co.,* 97 Miss. 148, 52 So. 454.

A demurrer to the whole declaration containing two or more counts must be overruled, if therein a single count taken alone to be good. *Lynn* v. *Ill. C. R. R. Co.,* 63 Miss. 157; *Canton Cotton Warehouse* v. *Potts,* 68 Miss. 637.

A general demurrer to the entire declaration was filed in the case at bar by all the appellees, overruled as to one defendant and sustained as to the other two. A demurrer to the whole declaration should be overruled, if the declaration be good as to part of what is demanded. *Cummings* v. *Daughety,* 73 Miss. 405; *Washington* v. *Soria,* 73 Miss. 665.

The amended declaration clearly shows that appellee, Railroad company, carried deceased in his wounded condiction to the other two appellees, Hospital and Ross, and that he was received by them as the servants of the Railroad company and allowed to remain there, in his intense agony for ten days, without the then much needed medical aid, and that appellee Railroad company, knew that he was not being treated. Under the alleged circumstances the duty devolved on each and all appellees and Railroad company, knew that he was not being treated.

Under the alleged circumstances the duty devolved on each and all of the appellees to give him the necessary attention and failing to do so, they became joint tortfeasors and became jointly and severally liable for the injury, caused by the wilful neglect, while in their care. They did not refuse him admittance, nor inform him that they would not treat him. Common humanity demanded treatment under the circumstances under which appellees held this wounded man. Joint tortfeasors can be sued jointly or separately, hence, a declaration joining the master and its servants is not bad, when they are joint tortfeasors, as in the case at bar. With deceased in the care of appellees as charged in the amended declaration they owed him a joint duty and when they failed to perform that duty they became jointly liable for the damage caused by their neglect. 29 Cyc. 565.

Tortfeasor is liable for the natural consequence that will probably result from his wrongful act. *Brame* v. *Light & Co.,* 95 Miss. 26.

Joint tortfeasors are both jointly and severally liable and may be proceeded against either jointly, singly or all combined. *Bailey* v. *Delta Electric Light & Co.,* 86 Miss. 634. When the negligence of two or more persons concur in producing a single individual injury, then such persons are jointly and severally liable, though there was no common duty, common design, or concert of action. *Nelson* v. *Ill. Cent. R. R. Co.,* 53 So. 619.

*Mayson & Tally,* for appellee.

We contend that the demurrer to the declaration and the amended declaration ought to have been sustained, for the reason that there is a union in one and the same count of the declaration of actions sounding in contract and sounding in tort. 4 Thompson on Negligence, 3841.

And since that is true, the sole measure of liability against the defendant Railroad company, is an action for a breach of contract in failing to provide a competent

physician and surgeon to treat its employees, the defendant, Railroad company being liable only for negligence in the selection of the surgeon or in retaining such surgeon in its employ after notice or knowledge of the physician's incompetency. *The Kenilworth Hy. A. St. Clair, Master* v. *Chas. Kelly, Libellant, Appt.,* 4 L. R. A. (N. S.) 49, and Monographic note, especially at page 66; 4 Thompson on Negligence, 3841, *supra.*

Where an employer in consideration of small deductions from an employee's wages, taken at stated periods, agrees to furnish employee medical attention and fails so to do, the liability for such failure rests on contract. *Kain* v. *Arizona Cooper Co.,* 14 Ariz. 566, 133 Pac. 412; *Scanlon* v. *Galveston, etc., Co.* (Tex), 86 S. W. 930.

The measure of damages on the breach of such a contract is discussed in *I. C. R. R. Co.* v. *Green,* 112 Ky. 695, 66 S. W. 630; 68 S. W. 1087; *Galveston, etc., Co.* v. *Rubion* (Tex.), 65 S. W. 1126.

Since it is true that the defendant, G. & S. I. R. R. Company, could only be sued in contract, its joinder in the same suit with the other defendants is unauthorized and the declaration must be quashed. *Hazelhurst* v. *Cumb. T. & T. Co.,* 83 Miss. 303, 35, So. 951; 1 Chitty's Pleadings, 230-231.

It might be observed that this declaration does not pretend to state a concurrent cause of action, as could have been stated in *I. C. R. R.* v. *Nelson,* 98 Miss. 53, 2 So. 619; but here the contract to furnish medical attention was consummated when the deceased entered the employ of the Railroad company long anterior to the infliction of the injury upon him. Manifestly, the Railroad company is sued in contract while the others are sued in tort. It is immaterial what the averments of the declaration may be, the law fixes its *status* so that the charge therein that Dr. Ross and the Hospital were respectively agents of the Railroad company does not amount to the diginity of *brutum fullen.*

118 Miss.—29

If any relationship existed between the deceased and the doctor and Hospital at all, it .was that of fellow-servant. In fact, the averment of the declaration is that the proximate cause of deceased's death was the negligence of the physician in charge who manifestly was the fellow-servant of the deceased, if, of course, the relation of master and servant or .principal and agent existed at the threshold of the contract as is sought to be charged in the declaration. Since that relationship is inevitable, it is improper to join in the same declaration, and especially in the same count, negligence predicated of the master's violation of a nondelegable duty and the active negligence of a co-servant in producing the injury complained of. The cause of action predicated of the ·master's negligence in failing to furnish a servant a safe place to work is inconsistent with and should not be joined in the same count with' a cause of action arising from the negligence of a. fellow-servant. *I. C. R. R.* v. *Abrams,* 84 Miss. 456, 36. So. 542.

The court held that, that was bad pleading even under section 4056, Code 1906, following section 193, of the Constitution practically abolishing the fellow-servant doctrine as applicable to the operating department of railroads. The doctrine announced in the *Abrams case, supra,* was re-affirmed in *Yazoo, etc., R. R. Co.* v. *Wallace,* 90 Miss. 609, 43 So. 469.

These defendants, even though the relation of master and servant or principal and agent existed, could not be joined in the same suit, for the reason that it would be entirely improper to join them in the same count, and since that could not be done for the reason that the Railroad company if liable at all, might be liable under one count and the hospital and Dr. Ross under different and other counts. Our court has said in a very recent case that a. count against one of the parties to a lawsuit cannot be joined with an action against this party and other parties not liable under the first count. *Board of*

*Supervisors* v. *Jones,* 103 Miss. 602, 60 So. 655. The concluson s irresistible that if either theory is adopted, that in the first, that there is a union of actions *ex delicto* and *ex contractu* in the same count; or second, that an infraction of the master's nondelegable duty and the negligence of co-servants are joined in the same declaration, the demurrer must be sustained.

*S. E. Travis* and *Alexander & Alexander,* for appellees.

Little need be added to what has been said already, to uphold the lower court's order sustaining this demurrer to the original declaration. Plaintiffs failed to charge any cause of action against Dr. Ross, because it was not alleged that Dr. Ross owed the deceased any duty. They had failed to state a cause of action against the Railroad company that could be joined with the torts sought to be charged against the Hospital. It is true the plaintiff at length alleged that the Railroad company deducted from the deceased's wages certain sums per month, for which they contracted to furnish medical treatment, and they also alleged that the Railroad company failed to furnish this treatment to the deceased, but any liability that could be placed on the Railroad company for this failure was that of breach of contract with the deceased. Vainly they attempted to maintain that the declaration also stated a case of tort against the Railroad company, on the theory that Dr. Ross was the agent and servant of the Railroad company and his alleged neglect, was the neglect of the Railroad company.

They overlooked the rule, so recently enforced by our supreme court in *Eastman, Gardner & Co.* v. *Permenter,* 72 So. 234. They did not charge that Dr. Ross was incompetent and that this was known or should have been known to the Railroad company. The original declaration, therefore, if it stated a case at all against the Railroad company, merely

stated a case in contract, and not in tort. Such a
cause of action could not be joined with the causes
alleged against the other defendants, which were cer-
tainly no more than attempted charges founded on
tort.

If we examine the authorities cited by counsel for
appellants in this connection, we find they merely
uphold the elementary principle that two joint tort-
feasors can be sued in the same action.

Turn to the the case of *Washington Bailey* v. *Delat
Electric Light & Power Co.,* 86 Miss. 634, and you
find that ''It is a universally established principle
of law that joint tortfeasors are both jointly and
severally liable, and may be proceeded against either
singly or jointly, individually or all combined.''

Counsel also rely on the case of *Nelson* v. *I. C.
R. R. Co.,* 53 So. 619, which holds: ''Where two or
more persons owe a common duty to another, they
are jointly and severally liable for injuries caused
to such other by a common neglect of duty.''

''We are not astute enough to see the force of
these authorities for the appellant. The trouble con-
fronting counsel in their original declaration was
that no joint cause of action was alleged against the
defendants. Even if a mere characterization of Dr.
Ross as 'servant and agent' of the Railroad com-
pany was a proper allegation, they overlooked the
essential rule that: 'The relation of master and serv-
ant, or principal and agent, does not exist between
an employer and a surgeon employed by it to ren-
der professional service to its injured employee; the
reason being that the employer has no right to con-
trol him in his treatment  of the case.'' 4 Thompson
on Negligence, sec. 3841; *St. Clair* v. *Krelly,* 4 L.
R. A. (N. S.) pg. 66; *Ohio & Miss. Ry. Co.* v. *Early,*
28 L. R. A. 548; *Jones* v. *Tristate Tel. Co.,* 40 L.
R. A. (N. S.) 486; *Nations* v. *Lumber Co.,* 48 L. R.

A. (N. S.) 531; *Eastman Gardiner Co.* v. *Permenter*, 53 So. 234.

An employer can only be held liable for his negligence in employing a physician, which presupposes the incompetency of the physician employed and knowledge by the employer of such incompetency. The original declaration did not come within this rule, and therefore if there was any breach of duty charged against the Railroad company it 'was for its failure to comply with its contract with the deceased.

Counsel refer to the case of *Waters* v. *Railroad Company*, 74 Miss. 535, which announces the rule that: "A contract may be waived and suit brought in tort for the gross or wilful negligence." This authority cannot rise higher than the dignity of being confusing. If a plaintiff has the two grounds of action, he may elect to sue in contract or in tort, but there is no such choice allowed the plaintiffs in this case. Keeping before us the fundamental rule that an employer is only liable for negligence in employing an incompetent physician, and a physician is not strictly an agent or servant, the case as presented by plaintiff's declaration is not one in tort against the railroad company. If any cause of action is stated against the Railroad company it is that of contract. The right of a plaintiff to elect as to his remedies, and waive a contract and sue in tort for negligence does not allow him to maintain that his declaration, which sounds only in contract against the Railroad company, can be changed and upheld as a suit in tort, when on the allegations of the declaration no suit in tort can be predicated.

Stevens, J., delivered the opinion of the court.

This case, as to the defendant Gulf & Ship Island Railroad Company, is ruled by *Eastman Gardiner & Co.* v. *Permenter*, 111 Miss. 813, 72 So. 234, and

the demurrer of the said defendant was properly sustained.

There was a misjoinder of defendants. The cause of action was not joint and several against all the defendants. *McKee v. Kent*, 24 Miss. 131; *Board of Supervisors* v. *Jones*, 103 Miss. 602, 60 So. 655. This rendered the amended declaration subject to demurrer of the defendants Ross and Hattiesburg Hospital.

*Affirmed.*